Burke, J.
In this action plaintiff seeks, in addition to other relief not pertinent here, to recover for past due support and maintenance of plaintiff and two children under a separation agreement. Plaintiff appeals by leave granted on a question of law certified by the Appellate Division from a nonunanimous order of that court affirming an order of Special Term which denied plaintiff’s motion for partial summary judgment.
The pertinent portions of the separation agreement are as follows:
“3. The wife shall have the custody of Joan Harriet and Bruce Robellet, the infant issue of the marriage herein, and the husband shall have the right to visit with the said children at times to be agreed upon between the parties hereto.
‘ ‘ Aside from agreed upon visitation as aforesaid, the husband shall have the right to have the said children visit with him during Easter and Christmas vacations and two weeks in each Summer, and shall send for the children and return them to the custody of the wife, at his own cost and expense.
“ 4. * * * (g) If the aforesaid infants apply for and are accepted for academic courses in any college, in addition the husband will pay for their tuition, books, registration and other college fees and transportation (if college is out of town of residence) and nothing else, for the first four years at such college. If the said first four years extend beyond the twenty-first birthday of such children, the husband will continue the $120.00 *360 monthly payments and also the aforesaid medical benefits for such children to the end of the fourth college year, it being distinctly understood that so long as such child or children continue at such college, the maintenance and support of such children thereat will continue to be paid by the husband, except if such children are accepted in a U. S. service academy and will thereby be self-sustaining, no tuition or support shall be paid by the husband during such periods.
* * *
“ 14. (a) The infant children shall not be removed permanently from the continental United States or farther West than the State of Ohio without the written consent of the husband.”
The principal facts are undisputed. In November, 1959 when the daughter was over 20 years of age the appellant wife was assigned by her employer for a two-year tour of duty in Iran. Her daughter, who had been employed in Washington, D. C., voluntarily accompanied her. That same year the son, while residing temporarily with the respondent husband, applied for admission to Brown, Dartmouth, United States Military Academy, United States Naval Academy, Trinity and Williams. Brown, Dartmouth, Trinity and West Point informed him that he would be admitted to the Class of 1964. The son selected Dartmouth.
In addition to these facts both parties have referred in affidavits filed with the court to conversations, correspondence and discussions between the parties and between the children and the father in regard to the trip to Iran and the selection of a college. None of these interfamily exchanges alter in any way the material facts.
Defendant, although admitting nonpayment of moneys due under the agreement, contends by way of defense (1) that the daughter was removed permanently from the United States by the wife within the meaning of the contract, (2) that the son’s failure to accept appointment to West Point relieves him of the obligation of paying for the son’s college education and (3) that appellant’s interference with the son’s education relieves him of any and all payments under the agreement. These defenses, he asserts, raise triable issues of fact which can only be resolved after a trial.
*361 Since the facts are undisputed and the terms of the agreement clear and unambiguous, “ the only question is whether an unsubstantial formal defense has been interposed for purposes of delay ”. (Barrett v. Jacobs, 255 N. Y. 520, 521.) To determine whether the defendant does establish a bona fide defense, the court must examine into the realities of the alleged existence of a triable issue of fact. If defendant fails to show that he has a real defense, summary judgment should be granted (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133,139).
Finding no breach of the agreement, we think that the defendant’s defenses are devoid of substance and do not present triable issues.
The rejection by the son of the appointment to West Point and his admission to Dartmouth was authorized under the terms of the agreement. The husband unequivocally agreed to pay for tuition and certain other expenses ‘ ‘ If the aforesaid infants apply for and are accepted for academic courses in any college ”. The exception which would excuse the father from the performance of this obligation obviously was to apply only in the event that the children freely elected to attend a United States Service Academy. The language of the agreement indicates beyond cavil that the children were to have a right to choose any collegiate institution. Hence the factor of disobedience which was present in the case of Haskell v. Haskell (201 App. Div. 414, affd. 236 N. Y. 635) is absent here. Also it is clear that appellant’s “ interference ” does not come within the holding of the Hashell case, since defendant did not have “ sole direction ” of the son’s education and appellant was merely exercising a parental prerogative of giving advice.
The husband’s other argument, that he was improperly deprived of the right of visitation with his daughter (Duryea v. Bliven, 122 N. Y. 567), is not, when the realities of the facts are considered, a plausible ground of defense. A voluntary trip abroad by a young lady in her twenty-first year, accompanying her mother for a two-year period, may not be construed to be “a removal permanently” from the United States of an “ infant ” child. By its terms this would not interfere with the husband’s right of visitation or violate the clause forbidding a permanent residence abroad which was to be in effect while the mother had custody of the “ infants ”. The decision to visit *362 Iran was made by the employed daughter who had been managing her own affairs. The exercise of the right of visitation in these circumstances necessarily involved only the daughter’s co-operation, not the wife’s. The clause in which the term “ permanent ” is employed is definite. The interpretation of the clause presents only a question of law. The word ‘1 permanently ’ ’ meant for an indefinite period with an intent not to return and not temporarily, as here, on an employer’s assignment for a limited period abroad.
As defendant’s defenses are unreal and present no genuine issue as to any material facts, the appellant was entitled to an order granting partial summary judgment.
The order of the Appellate Division accordingly should be reversed, with costs in all courts, and the question certified answered in the affirmative.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.