■ In the Matter of ALICE R. BUEHLER, Respondent, v HARRY J. BUEHLER, JR., Appellant.—Appeal from an order of the Family Court of Chemung County, entered September 29, 1978, which, *inter alia,* directed that the appellant provide for his daughter's college education. It appears that in June of 1978 the appellant received notice that he was being directed to appear in court. His counsel contacted the Clerk of the Family Court, requesting copies of the petition or other complaint, but he received none. On August 25, 1978 appellant and his counsel appeared in Family Court and they accepted service of a petition charging the appellant with failure to obey a prior support order, dated June 7, 1976. The petition alleged, in part, that the 1976 order directed, as required in a prior separation agreement, "that the Father [appellant] should be responsible to provide a college education for each of his children; this education shall include at least a four-year college curriculum * * * This includes room, board, tuition, books and food". Finally, the petition, *inter alia,* charged that the appellant "failed to obey said order in that: [appellant] refused to make

the down-payment for college for Stacey [his daughter] at Lake Erie College, Painesville, Ohio." The appellant's counsel noted in open court that the charges had not been previously served upon his client or himself, which was conceded by counsel for the petitioner (appellant's wife). Nevertheless, appellant unequivocally agreed not to object to proceeding and consented that the hearing commence by the taking of testimony from his daughter Stacey. It was agreed by counsel that the appellant "is not claiming he can not afford to take care of those expenses, but that he does not wish to." During the cross-examination of Stacey, appellant's counsel stated his position as not raising any issue of financial ability and admitted the requirement to pay for college, but contended that the issue was "whether [it is] reasonable for a man to pay for daughter who has chosen not to be a part of his life for some 6 or 7 years." Through his questioning of Stacey, it was established that she had not wanted to communicate directly with her father for a long time and that she had refused to respond to his letters in regard to her college plans. The record establishes that counsel fully presented the insubordination and acute dislike of the daughter in regard to her relationship with appellant. Indeed, the appellant, through his counsel, introduced in evidence several letters or messages from appellant to his daughter expressing concern as to her future college education. The issue in the present case was one of law as to the interpretation of the prior order of the court incorporating a provision of the separation agreement requiring appellant to provide a college education for his children. He accepted service of the petition on August 25, 1978 and withdrew or waived any objection he had to immediately commencing a hearing. It is obvious that his daughter's dislike for him is no defense to his pecuniary obligation and he admittedly could afford the expense. That the appellant consented to the court immediately determining liability without any further testimony is demonstrated by the unobjected to observations of the Family Court Judge in colloquy with counsel immediately after the testimony of Stacey. The court stated that on August 25, 1978 it was proceeding to determine liability for tuition and, in the context of all remarks, demonstrated unequivocally that any further hearings were for the purpose of other issues raised in the petition served on August 25, 1978. Finally, it must be noted that the record contains an answer to the petition served on or about October 5, 1978, after the decision of the Family Court, which admits the prior order of support and the obligation to provide a college education as described in the petition and raises as a sole defense the disrespect of appellant's daughter. The contention that a hearing was not held and/or that appellant has been denied due process has no support in the record. Order affirmed, with costs. Greenblott, Main and Herlihy, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We dissent. When appellant appeared in Family Court on August 25, 1978, he accepted service of two petitions. One petition sought modification of a prior support order, dated June 7, 1976, while the other alleged that appellant had violated said order by failing to make the down payment for his daughter Stacey's college education. Appellant's attorney, aware of the fact that Stacey would be leaving for college in the middle of September and not wanting to inconvenience her by requiring her return at a later date, consented to the taking of her testimony on August 25, 1978. Attorneys for both parties then entered into a discussion with the court which revealed their understanding that appellant would be allowed to put in his proof concerning the violation petition at a subsequent hearing. Since Stacey's

testimony was only relevant to the violation petition, the parties also intended that a full hearing on the modification petition would be held at a later date. The majority's opinion is anchored to the conclusion that appellant waived his right to a future hearing on the violation petition when, at the conclusion of his daughter's testimony, he failed to object to the court's pronouncement that it would decide appellant's liability on the present record and, further, that if appellant was dissatisfied with the result, his only avenue of possible relief was by way of appeal. Without discussing the chilling effect of such a pronouncement, which was completely at variance with the agreement reached by all parties and the court before the hearing, would have on appellant's attorney's sense of propriety in registering an objection, it is our view that such a "waiver", if, indeed, it was such, does not preclude our consideration of the correctness of the court's ruling that appellant would not be afforded an opportunity to be heard. Statutorily (Family Ct Act, §§ 433, 454), all respondents in Family Court matters are entitled to be heard, and while such a right may be waived, the critical importance of such a protected right should never be deemed to have been voluntarily released in equivocal circumstances, such as those present here. Next, we are unsure that the majority opinion is founded on the sole conclusion that appellant waived his right to present evidence at a future hearing. It appears that the majority is satisfied that even if such a hearing were held in the future, the appellant would be unable to produce any probative evidence beyond that elicited in cross-examination at the aborted hearing. This, we cannot agree with. Given the fact that the very instrument upon which appellant's liability is predicated (the separation agreement) is not even in the record, it is difficult to presume to know what, if any, extenuating or mitigating conditions might be contained in that document. Certainly, an appellate tribunal should review such an instrument before it concludes that the decision below imposing liability is correct. We would, therefore, reverse the order directing appellant to pay for his daughter's college education and remit the matter to Family Court for a full hearing.