■ In the Matter of JUDITH A. C. VETRANO, Respondent, v RONALD J. CALVEY, Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered November 23, 1983, which, *inter alia,* declared that respondent was in violation of the terms of a separation agreement which was made an order of the Family Court and directed him to pay certain expenses for which he was liable under the agreement. ¶ The parties hereto, though married for many years and the parents of five children, encountered matrimonial difficulties which they were unable to resolve. As a consequence thereof, the parties entered into a separation agreement on January 29, 1975, which was later incorporated in a divorce decree on February 28, 1983, and apparently later confirmed as an order of the Family Court. This agreement, insofar as relevant here, provided as follows: ¶ "Mr. Calvey agrees that he will maintain hospital and medical insurance covering * * * the children [and] will also be responsible for the payment of any medical and dental bills for any one continuing illness or treatment in excess of $25 not otherwise covered by said insurance. * * * ¶ "Mr. Calvey agrees to the extent that he is able to do so, to pay for the college education of the children * * * at a college of each child's choice including tuition, fees, books, room and board and a reasonable allowance for spending money, so long as he is consulted and said consent is obtained, said consent not to be unreasonably withheld. * * * ¶ "The parties agree that Mr. Calvey will not be responsible for any additional legal fees * * * except for any fees incurred by Mrs. Calvey caused by Mr. Calvey's breach of this agreement or for any fees set by a Family Court in any modification hearing." ¶ Respondent, in compliance with the terms of the agreement, provided the college expenses for the four oldest children, all boys, and for the first year of college for the youngest child, a daughter, Beth. When Beth transferred to Green Mountain College for her second year, respondent refused to provide the necessary funds. When petitioner sought to discuss the matter with respondent, he refused, and when she later telephoned him in another attempt to discuss the situation, he stated that he could not afford to pay and refused to discuss it any further. Petitioner then commenced this proceeding in Family Court seeking payment of the college expenses and unpaid medical expenses, as well as legal fees incurred with respect to the

proceeding. After a hearing, Family Court determined that respondent had violated the clear terms of the agreement as to the college expenses and medical expenses and that, because he had breached the agreement, he was also liable for reasonable legal expenses fixed at $1,000. From that determination, respondent appeals. ¶ In addressing the issue of the college expenses first, we note that respondent's claim that he has no obligation to pay these expenses rings somewhat hollow when, in fact, he has paid these expenses for the other children over a period of several years. We agree with respondent's contention that as a general proposition or theory of law, absent unusual circumstances, the furnishing of a college education to one's children is not within the province of necessities for which a parent may be obligated (*Tannenbaum v Tannenbaum*, 50 AD2d 539; *Matter of Hawley v Doucette*, 43 AD2d 713). However, this contention overlooks the fact that a parent may bind himself or herself to pay the same by express agreement (*Kuniholm v Kuniholm*, 11 NY2d 358; *Matter of Buehler v Buehler*, 73 AD2d 716, app dsmd 49 NY2d 918). In the case at bar, respondent clearly agreed to pay the children's college expenses if "he is able to do so" and, hence, is liable for his daughter's college expenses if financially able to provide them. Respondent testified that his spendable income is approximately $500 a week and that he was unable to afford the expense. However, his recent purchase of a townhouse; his ownership of a third of the stock of a corporation grossing over $2,000,000 per year; his ownership to some degree of other businesses in New York, New Jersey and Pennsylvania; his having no major debts save for a $16,000 mortgage made necessary by his past failure to comply with certain support provisions of the agreement; and his evasive answers to questions concerning details of his financial status are all factors which suggest that he is well able to meet these obligations. The court is not bound by one's own account of his finances (see *Williamson v Williamson*, 84 AD2d 606, 607, mot for lv to app den 55 NY2d 604) and, if a version of one's finances is patently unbelievable, the court is justified in finding a true or potential income higher than that claimed (*Kay v Kay*, 37 NY2d 632, 637). The court is also justified in estimating the value of fringe benefits and potential earnings (see *Hickland v Hickland*, 39 NY2d 1, cert den 429 US 941). In light of the above factors, it cannot be said that the record does not provide support and justification for Family Court's conclusion that respondent could afford the college expenses and breached the agreement by his refusal to pay them. ¶ Likewise, we find that Family Court properly determined that respondent was responsible for his daughter's medical expenses. Petitioner introduced into evidence a detailed list of the claims and dates thereof with specific amounts charged. The exhibit was received in evidence without objection so that any attack thereon was not preserved for our review (*Mashley v Kerr*, 47 NY2d 892). Moreover, it appears from the record that petitioner fulfilled her obligations under the agreement and stipulated to withdraw from her claim the amount of any of the charges covered by insurance. Respondent failed to contradict the medical claims in any way. ¶ Lastly, because petitioner's legal fees in the proceeding were incurred solely by and as a result of respondent's breach of the agreement, he is responsible for their payment according to the plain terms of the agreement. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.