■ CAROL BIZZARRO, Respondent-Appellant, v SAVERIO A. BIZZARRO, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court which, *inter alia,* granted dual divorces, entered October 17, 1983 in Rensselaer County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury.

The parties cross-appeal from a judgment of divorce granted to defendant on the grounds of adultery and cruel and inhuman treatment and to plaintiff on the ground of cruel and inhuman treatment, and which also determined, *inter alia,* maintenance, child support, equitable distribution and counsel fees. There is no challenge on these cross appeals to the award of custody and visitation rights regarding the parties' two minor children. We note at the outset that even a cursory review of the record reveals that the testimony during the trial was contradictory, confusing and incomplete. This record renders it quite difficult to make an accurate assessment of the parties' true relationship and financial conditions. It is with these caveats that we address the merits of these appeals.

The parties were married on February 6, 1971, and they own a home in the City of Troy which was purchased with about $17,000 from defendant's father and a $10,000 loan secured by a mortgage. Defendant works for the Rensselaer County Board of Elections and also owns and operates a funeral home, which was his father's business until it was given to defendant during the marriage. Defendant's salary from Rensselaer County is about $13,000, although the precise amount is not readily discernible from the record. Through this employment, defendant also contributes to a pension fund which is unvested and which defendant could not value. It appears that the funeral home was built with funds from defendant's father that were meant as a gift to defendant and his family. Defendant's profit from the funeral home business has been reported at about $5,500 for the past couple of years, although it appears that defendant has paid substantial amounts of personal expenses, perhaps $15,000, through the business and might have failed to record all business income.

Plaintiff has performed limited seasonal part-time work but, for the most part, has remained home in the traditional role of housewife and mother. Her contributions to the funeral home business are the subject of substantial dispute, but it is evident that any success enjoyed by the business is primarily the result of defendant's work and of good will developed when defendant's father operated the business. Plaintiff receives food stamps, financial assistance from her family, and payments for child support from defendant.

The trial court, *inter alia,* (1) granted defendant a divorce on the ground of adultery; (2) ordered that defendant pay to plaintiff $30 per week in maintenance until January 1, 1985; (3) ordered that defendant pay $75 per week as child support to be increased to $100 per week on January 1, 1985; (4) ordered that

plaintiff have exclusive use of the marital residence until the occurrence of certain events but that the marital residence be held as tenants in common with each party having a 50% interest; (5) ordered that defendant pay the expenses of maintaining the marital residence; (6) ordered that defendant pay a percentage of his pension when received; (7) declared the funeral home to be defendant's property and granted plaintiff a distributive award of $5,000; and (8) ordered that defendant pay $2,500 to plaintiff for her counsel fees.

First, we are of the view that the trial court erred in granting defendant's motion at the end of the trial to conform the pleadings to the proof so as to make out a cause of action against plaintiff for adultery. Although defendant's counterclaim for divorce on the ground of cruel and inhuman treatment placed plaintiff on notice that her alleged sexual misconduct would be at issue in the trial, defendant's motion at the conclusion of the trial prejudiced plaintiff, who was thereby prevented from raising the statutory defenses to adultery provided in section 171 of the Domestic Relations Law (see *Maulella v Maulella,* 90 AD2d 535, 537). Accordingly, defendant's motion in this regard should have been denied and that portion of the judgment which grants defendant a divorce on the ground of adultery must be reversed. There is, however, sufficient evidence to support the granting of divorces to both parties on the ground of cruel and inhuman treatment.

We next address those arguments which concern the disposition of property. It is settled that a court is not bound by one's own account of his finances and may, if a version of one's finances is patently unbelievable, find the income to be higher than that claimed (*Matter of Vetrano v Calvey,* 102 AD2d 932, 933). We would not hesitate to do such in this case, inasmuch as defendant's claimed income is belied by his apparent extravagant life-style during the marriage, but we are of the view that the information presented is so lacking that remittal is necessary for further development of the parties' true financial conditions. For example, plaintiff may be entitled to a distributive award based on the funeral home business, but without an accurate appraisal of the value of that business, it is difficult to reach a rational decision on the size of such an award. Likewise, defendant's unvested pension, which is subject to equitable distribution (see *Reed v Reed,* 93 AD2d 105, 110-111, app dsmd *sub nom. Patricia R. v Thomas R.,* 59 NY2d 761), is unvalued and cannot be logically divided. Furthermore, although the marital residence has been appraised, the award pertaining to it may be affected once the other values have been determined and

divided. Similarly, the amount of maintenance and child support may be altered when the distribution of the other property is made (see Domestic Relations Law, § 236 (part B, subd 6, par a, cl [1]; subd 7, par a, cl [1]). Accordingly, we remit to Trial Term for further proceedings.

A few observations concerning the further proceedings will no doubt encourage a prompt resolution of this matter. First, defendant must make a thorough financial disclosure (see Domestic Relations Law, § 236, part B, subd 4; 22 NYCRR 117.2). Next, automatic increases in child support should be avoided because, pursuant to section 236 (part B, subd 9, par b) of the Domestic Relations Law, modifications of child support are to be made upon application of either party and future escalations without such court action are implicitly forbidden thereby (*Lesman v Lesman,* 88 AD2d 153, 161, app dsmd 57 NY2d 956). Likewise, open-ended payments, such as those ordered for the mortgage, taxes and utilities, should be avoided absent extraordinary circumstances (2 Foster and Freed, Law and the Family, § 22.10 [1984 supp], p 66; see, e.g., *Maggio v Maggio,* 96 AD2d 579, 579-580). Furthermore, it is unclear from the record whether the $17,000 used as the down payment for the marital residence was given as a gift to defendant only or to the family and, thus, the trial court should resolve this matter and consider whether defendant is entitled to a credit for this amount upon distribution of the marital residence (see *Parsons v Parsons,* 101 AD2d 1017, 1017-1018; *Duffy v Duffy,* 94 AD2d 711, 712; see, also, Domestic Relations Law, § 236, part B, subd 1, par d, cls [1], [3]). Also, the mere fact of cohabitation should not serve to divest the possession of the marital residence (cf. *Matter of Carpenter v Carpenter,* 96 AD2d 607; *Pawelski v Buchholtz,* 91 AD2d 1200) and the trial court should not consider such in making its order regarding such possession. The trial court, after assessing a more detailed and accurate presentation of the parties' finances and considering these observations and the statutorily enumerated factors for distributing marital property and awarding maintenance and child support (see Domestic Relations Law, § 236, part B, subd 5, par d; subd 6, par a; subd 7, par a), will be in a better position to resolve this matter.

Finally, there is no data pertaining to plaintiff's attorney's fees in the record and, therefore, there is nothing to indicate that the trial court abused its discretion in setting the award of attorney's fees.

Judgment modified, on the law, without costs, by reversing so much thereof as granted defendant a divorce on the ground of adultery, as ordered divestment of plaintiff's exclusive use,

occupancy and possession of the marital residence upon its becoming the residence or regular overnight place of abode of a third party made without the written consent of defendant or order of the court, as ordered defendant to pay certain expenses of the marital residence and imposed on plaintiff certain good-faith efforts regarding such expenses, as ordered defendant to pay child support and maintenance in certain amounts, and as ordered the equitable distribution of certain marital property; matter remitted to Trial Term for further proceedings not inconsistent herewith; and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.