■ Mary Maloney, Respondent, v Michael Maloney, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated September 12, 1984, which, *inter alia,* (1) fixed arrears in maintenance and support under a prior order of the Family Court, Kings County, at $60,000; (2) awarded each of the parties 50% of the jointly owned marital premises; (3) directed defendant to execute a deed conveying all of his right, title and interest in the marital premises to the plaintiff wife "in satisfaction of the said arrears and as part of the Court's award for distribution of the marital property"; (4) directed him to pay plaintiff maintenance and child support; and (5) directed him to pay plaintiff counsel fees and disbursements in the sum of $11,379.96.

Judgment affirmed, insofar as appealed from, with costs.

Pursuant to a 1980 order of support of the Family Court, Kings County, plaintiff was awarded $375 weekly for maintenance and child support for the couple's two minor children. By judgment dated September 12, 1984, the parties obtained a mutual divorce. In addition, the court set arrears under the Family Court order at $60,000, awarded each party 50% of the jointly owned marital premises, and directed defendant to convey his share of the premises, which the court valued at $60,000, to plaintiff "in satisfaction of the said arrears and as part of the Court's award for distribution of the marital property". Defendant's monetary obligations under the order of support were continued, with the proviso that maintenance payments of $75 per week were to terminate one year from the service of the judgment.

The trial court did not err in refusing to deny plaintiff maintenance because she committed marital fault (see, Blickstein v Blickstein, 99 AD2d 287, appeal dismissed 62 NY2d 802).

Furthermore, while equitable distribution, even of property held jointly by the parties, does not necessarily mean equal distribution (Sementilli v Sementilli, 102 AD2d 78; Rodgers v Rodgers, 98 AD2d 386, appeal dismissed 62 NY2d 646), viewing the record as a whole in light of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), the trial court properly distributed the jointly owned marital premises equally. It was proper to direct defendant to convey his share of the marital premises to plaintiff "in satisfaction of the said arrears and as part of the Court's award for distribution of the marital property". "Although the Family Court may be the preferred forum for child support matters * * * here, where the record established substantial arrears and the Supreme Court is entertaining an action involving disposition of all of the parties' assets, a comprehensive arrangement covering the arrears is appropriate" (Sementilli v Sementilli, supra, at p 84).

As to the court's award of counsel fees, clearly the record supports the conclusion that defendant is far better able to afford those fees than plaintiff. Thus the trial court's exercise of discretion under Domestic Relations Law § 237 will not now be disturbed. Also, although plaintiff's attorney's request for fees in excess of $32,000 did include fees for services rendered during prior Family Court proceedings, which could not have properly been awarded at bar (Abrusci v Abrusci, 79 AD2d

980; *Mattana v Mattana,* 79 AD2d 702, *appeal dismissed* 53 NY2d 937; *Murena v Murena,* 75 AD2d 640), the amount of counsel fees actually awarded constitutes approximately one third of the amount requested. Thus defendant's contention that the court's award included certain nonrecoverable fees is devoid of merit.

We have reviewed defendant's remaining contentions and find them equally without merit. Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.