■ ELLEN MAHER, Respondent, v MARTIN MAHER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Queens County (Glass, J.), entered April 27, 1987, as awarded title to the marital residence to the plaintiff wife, directed him to transfer all his title and interest therein to her, and awarded her the furnishings and contents of the marital residence.

Ordered that the resettled judgment is affirmed insofar as appealed from, without costs or disbursements.

The subject residence had served as a family dwelling since 1930 when it was occupied by the plaintiff wife's grandparents. It was thereafter occupied by the plaintiff's parents, who raised the plaintiff and her siblings there. After the plaintiff's father died intestate in 1972, the parties moved into the fully furnished residence with their children. Sister Mary Ann Dobbins, the plaintiff's sister, who had been a member of a religious community for over 30 years, was the administratrix of her father's estate. She testified that it was her father's wish that the plaintiff "have the house because you never know what will happen and she has to have some security and that he was very worried about my niece, Ellen, who is retarded. And he wanted her to have a roof over her head".

The decedent also expressed a concern that his other two daughters, who were both members of a religious community, always have a place to which to come home. A deed was ultimately prepared by which the plaintiff's siblings conveyed their interests in the residence to the plaintiff and the defendant. An attorney had informed the family that the property had to be transferred in the names of both parties for tax purposes only. The defendant stated on numerous occasions that he wanted no part of the house.

It is well settled that "[i]n a divorce proceeding, which triggers the right to equitable distribution, property acquired during marriage need not be distributed equally but, rather, 'in a manner which reflects the individual needs and circumstances of the parties' (Memorandum of Governor Carey, 1980 McKinney's Session Laws of NY, p 1863)" (Rodgers v Rodgers, 98 AD2d 386, 391, appeal dismissed 62 NY2d 646). Stated succinctly, "fairness, not mathematical precision, is the guidepost" (Rodgers v Rodgers, supra, at 391; accord, Coffey v Coffey, 119 AD2d 620, 622).

In view of the circumstances under which the marital premises were acquired and given the fact that the plaintiff is the custodial parent, the decision to award the plaintiff title to the marital premises replete with all of its furnishings and contents was not improper. Moreover, the defendant was in arrears under a pendente lite order in the amount of $14,000 plus interest. The court properly considered this sum as an offset in awarding sole title to the marital residence to the plaintiff (see, Maloney v Maloney, 114 AD2d 440, 441; Sementilli v Sementilli, 102 AD2d 78).

Inasmuch as the trial court gave due regard to the statutory factors and achieved a fair and equitable result with respect to the disposition of the marital residence, the resettled judgment under review is affirmed insofar as appealed from. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.