◼ NORMA DOMPKOWSKI, Respondent, v RONALD DOMPKOWSKI, Appellant.—Order unanimously affirmed without costs. Memorandum: Respondent's contention that the Hearing Examiner abused his discretion in directing him to pay one half of the college expenses of his daughter, Pamela, in an amount "not to exceed $3,500.00 per year" lacks merit. A parent may bind himself or herself to pay college expenses by express agreement (Kuniholm v Kuniholm, 11 NY2d 358; Matter of Vetrano v Calvey, 102 AD2d 932, 933; Matter of Buehler v Buehler, 73 AD2d 716). Here, respondent clearly agreed to share in the payment of his daughter's college expenses "to the extent [he is] able" (see, Curtis v Curtis, 132 AD2d 850,

854; *Matter of Vetrano v Calvey, supra,* at 933; *Matter of Cooke v Pieters,* 123 Misc 2d 351). In our view, the Hearing Examiner did not abuse his discretion in determining that both parties had the financial ability to pay one half of their daughter's college expenses, with respondent's maximum financial obligation limited to $3,500 per year.

Because she failed to cross-appeal from the order, petitioner's request for an order modifying the judgment of divorce to increase the amount of child support payments is not properly before us *(see, Day v Day,* 112 AD2d 972). (Appeal from order of Erie County Family Court, Manz, J.—modify child support.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.