■ EDWARD NELL, Respondent, v MARGARET NELL, Appellant. —Order and judgment (one paper), Supreme Court, New York County (Morton R. Tolleris, J.H.O.), entered on or about September 28, 1989, which *inter alia,* denied defendant any award of maintenance and awarded her $50,000 as her equitable distributive share of the proceeds of the sale of the 451 Broome Street apartment, unanimously affirmed, without costs or disbursements.

We agree with the Judicial Hearing Officer that the defendant wife in this matrimonial action failed to meet her burden of proof with respect to her counterclaim for maintenance. There was no showing of necessity or inability to maintain herself now or in the future. With respect to the equitable distribution of the proceeds from the sale of the Broome Street cooperative apartment, however, the Judicial Hearing Officer improperly classified this asset as "marital property". The apartment was purchased by the husband with his own funds in June 1977, prior to his marriage to defendant, for approximately $21,000. The apartment was subsequently renovated in 1977 with the proceeds of a $30,000 loan from plaintiff's mother and ultimately sold for over $500,000 in 1988. The record also indicates, that although the purchase took place during the pendency of the divorce proceedings terminating his first marriage, that plaintiff had been romantically involved with defendant at that time and that, indeed, he intended the apartment to be the marital abode, title was taken solely in plaintiff's name. The shares allocated to the apartment, having been acquired before the marriage, were, contrary to the Hearing Officer's determination, separate property. (Domestic Relations Law § 236 [B] [1] [d] [1]). Nevertheless, although the apartment shares themselves did not constitute "marital property", as statutorily defined *(see,* Domestic Relations Law § 236 [B] [1] [c]), there is evidence in the record that defendant's work and creative talents contributed

to the appreciation in value of the cooperative apartment, which therefore constitutes marital property. *(See, Josan v Josan,* 134 AD2d 486.) Thus, notwithstanding the Hearing Officer's erroneous determination that the apartment constituted marital property, the $50,000 distributive award with respect thereto is justified.

We have examined the remaining contentions and find that they are without merit. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.