■ ALFRED W. HOLLIS, Respondent, v LINDA L. HOLLIS, Appellant.—Crew III, J. Appeal from a judgment of the Supreme Court (Duskas, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 11, 1991 in Franklin County, upon a decision of the court.

The parties were married in November 1987 and have one child, Lauralyn (born Jan. 10, 1989). Plaintiff has custody of four children from a previous marriage and defendant has custody of a son from a previous marriage. The parties separated in April 1989, with Lauralyn residing with defendant. Plaintiff thereafter commenced this action for divorce on the ground of cruel and inhuman treatment. At trial, defendant withdrew her answer and Supreme Court, after hearing plaintiff's testimony on this issue, granted plaintiff a divorce.[1] Additionally, the parties stipulated that defendant would retain custody of Lauralyn, subject to plaintiff's visitation rights as embodied in a prior order of Supreme Court, and that plaintiff would provide health insurance for her until she attained the age of 21 or was otherwise emancipated. Supreme Court, *inter alia,* determined plaintiff's minimum gross personal income to be $46,800 per year and utilized that figure in awarding defendant maintenance in the amount of $100 per week until January 3, 1992 and, thereafter, $50 per week for an additional 26 weeks. Supreme Court also awarded child support in the amount of $100 per week until the termination of defendant's maintenance award, at which time plaintiff's child support obligation would increase to $125 per week. Defendant now appeals.

We affirm. Initially, to the extent that defendant challenges Supreme Court's finding that she was not entitled to any

---

1. Although Supreme Court's written decision recites that the proof was sufficient to award plaintiff a divorce on the ground of cruel and inhuman treatment, the actual judgment does not award a divorce. The judgment, however, is deemed to incorporate Supreme Court's decision in this regard *(see, Matter of Medicon Diagnostic Labs. v Perales,* 145 AD2d 167, 170, n 1, *affd* 74 NY2d 539).

share in the alleged appreciation of the marital residence, we note that the residence was purchased by plaintiff prior to the marriage, defendant made no financial contributions to the renovations undertaken during the course of the marriage and her nonmonetary contributions were quite limited (cf., Nell v Nell, 166 AD2d 154). Under these circumstances, and given the short duration of the parties' marriage, we cannot say that Supreme Court abused its discretion in this regard.

It is well settled that "[t]he court is not bound by one's own account of his finances * * * and, if a version of one's finances is patently unbelievable, the court is justified in finding a true or potential income higher than that claimed" (Matter of Vetrano v Calvey, 102 AD2d 932, 933 [citation omitted]; see, Cusimano v Cusimano, 149 AD2d 397, 399; Pottala v Pottala, 112 AD2d 553; Bizzarro v Bizzarro, 106 AD2d 690, 692). Additionally, "earning capacity" as opposed to "actual earnings" is a primary consideration in fashioning an award of maintenance (see, Powers v Powers, 171 AD2d 737, 738), particularly where one of the parties has elected a form of business ownership that allows him or her to effectively control the actual salary received (see, Matter of Buley v Buley, 142 AD2d 814, 815).

Here, the record indicates that plaintiff has been a licensed dentist for over 20 years and that his solo practice grossed in excess of $250,000 in 1987, 1988 and 1989. In November 1988, plaintiff incorporated and began drawing a gross weekly salary of $900. Although no corporate tax return had been filed as of the time of trial, a rough analysis of plaintiff's personal finances was admitted into evidence and an unfiled 1989 tax return listed plaintiff's unadjusted gross income as $91,698.[2] The record further reveals that while plaintiff possesses the education and experience to generate sizeable earnings, he has also incurred substantial debt in the form of two outstanding mortgages on the marital residence (approximately $160,000), various installment loans and demand notes (approximately $78,000) and an outstanding judgment for child support arrears in favor of his first wife ($23,600). Plaintiff also pays his first wife $200 per week in maintenance, contributes toward two of his children's college educations and incurs approximately $2,200 per month in equipment rentals for his dental

2. Defendant failed to object to the admission of plaintiff's financial statements, income tax returns or other related documents at trial and, as such, any challenge to the accuracy or relevancy of these documents has not been preserved for our review (see generally, Torian v Reliance Ins. Co., 171 AD2d 971, 972).

office. Under these circumstances, we are unable to conclude that plaintiff's financial state is "patently unbelievable". This is not a case where a party's claimed income is belied by an extravagant lifestyle or the recent acquisition of real or personal property *(cf., Felton v Felton,* 175 AD2d 794; *Bizzarro v Bizzarro,* 106 AD2d 690, 692, *supra; Matter of Vetrano v Calvey,* 102 AD2d 932, 933, *supra);* thus, there is no basis for imputing to plaintiff an income higher than that claimed *(cf., Cusimano v Cusimano,* 149 AD2d 397, 399, *supra).*

We similarly reject defendant's claim that she is entitled to additional maintenance and child support. Given the short duration of the parties' marriage, and in view of the fact that defendant has a high school education, holds a certificate as a medical secretary and has a substantial employment history, we see no reason to disturb Supreme Court's maintenance award. Finally, Supreme Court properly applied the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b]) in calculating plaintiff's child support obligation.

Weiss, P. J., Mercure, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.