■ ANTHINA LIADIS, Respondent, v ANTONIOS LIADIS, Appellant. [615 NYS2d 409] —In an action for divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Graci, J.), dated May 7, 1992, as, after a nonjury trial, awarded the plaintiff permanent maintenance in the sum of $235 per week and child support in the sum of $125 per week retroactive to the date of service of the summons and complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (see, Loeb v Loeb, 186 AD2d 174; Petrie v Petrie, 124 AD2d 449). In fixing the amount of such an award, a court must take into account the financial circumstances of both parties including their reasonable needs and means (see, Feldman v Feldman, 194 AD2d 207, 218). In addition, an award of maintenance is not determined by actual earnings but by earning capacity (see, Kay v Kay, 37 NY2d 632, 637; Powers v Powers, 171 AD2d 737). Lifetime maintenance is appropriate when a spouse is incapable of future self-support, has clearly subordinated a career to act as a homemaker and parent, has no obvious skills or training, or is mentally or physically ill (see, Harmon v Harmon, 173 AD2d 98).

Here, the evidence establishes that the wife did not work throughout the parties' marriage in order to care for the

parties' child, that she has back problems, and that she has no skills or training. Hence, the trial court properly determined that she is entitled to permanent maintenance. Further, the evidence establishes that the husband has the ability to pay the present award.

In addition, since it is well settled that a proper award of child support is not necessarily based upon a parent's actual income but may be based upon his earning potential (see, Matter of Davis v Davis, 197 AD2d 622; Tsoucalas v Tsoucalas, 140 AD2d 333), the trial court's child support award is not unreasonable.

The trial court properly ordered that the maintenance and child support payments be retroactive to the date of service of the summons and complaint (see, Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). Mangano, P. J., Bracken, Joy and Hart, JJ., concur.