■ SERGE BRODSKY, Appellant, v AUDREY BRODSKY, Respondent. [624 NYS2d 960] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated October 22, 1992, which, inter alia, awarded the defendant wife (1) $100 per week as maintenance for three years, (2) $180 per week as child support, (3) $20,000 in attorneys fees, (4) title to the marital residence and (5) $40,000 as her interest in 275 Prospect Park West Corporation and a joint bank account.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the court's equitable distribution of the marital property was supported by the record. The court set forth all the factors it considered and the reasons for its determination (see, Domestic Relations Law

§ 236 [B] [5]; *O'Brien v O'Brien,* 66 NY2d 576), including the fact that the plaintiff had hidden assets and caused liens to be placed on the marital residence.

Additionally, it is well settled that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court *(see, Feldman v Feldman,* 194 AD2d 207, 217-218; *Loeb v Loeb,* 186 AD2d 174). In fixing the amount of such an award, a court must take into account the financial circumstances of both parties, including their reasonable needs and means *(see, Feldman v Feldman, supra).* Further, an award of maintenance is not determined by actual earnings but by earning capacity *(see, Liadis v Liadis,* 207 AD2d 331). Here, the evidence established that the wife had not worked outside the home during much of the marriage and had obtained employment as a substitute teacher. Although the husband claimed to be unemployed, the court did not credit his testimony and concluded that he had hidden income and had a greater earning capacity than the wife. Accordingly, the court properly awarded maintenance to the wife for a period of three years.

Moreover, since it is well settled that a proper award of child support is not necessarily based upon a parent's actual income but may be based upon his earning potential *(see, Liadis v Liadis, supra; Matter of Davis v Davis,* 197 AD2d 622), the trial court's child support award was not unreasonable.

The court did not err in awarding counsel fees to the defendant on the basis of her attorney's affirmation, since the parties agreed to such a procedure *(cf., Silverman v Silverman,* 193 AD2d 595).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.