■ AIMEE BROWN, Respondent, v MITCHELL BROWN, Appellant. [657 NYS2d 764] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered October 23, 1995, as directed him to pay child support and maintenance.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (Kay v Kay, 37 NY2d 632; Brodsky v Brodsky, 214 AD2d 599; Liadis v Liadis, 207 AD2d 331; Hollis v Hollis, 188 AD2d 960). Here, the court properly imputed an income of $100,000 to the husband, a financial consultant, based on his own testimony that in the three years preceding the commencement of this action, he earned $107,000, $143,000, and $146,000, respectively, and won awards for his outstanding work performance and productivity.

The husband's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.