■ ANTONIA PHILLIPS, Appellant, v STEVEN PHILLIPS, Respondent. [672 NYS2d 365] —In an action for divorce and ancillary relief, the wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Barone, J.), entered March 7, 1997, which, inter alia, (1) ordered the husband to pay child support in the amount of $25 per month as of September 1995, based on an income of approximately $11,000 per year, (2) allocated $38,500 to the wife as her share of the parties' marital debt, (3) failed to allocate to the husband his pro rata share of the child care expenses and the children's health care expenses not covered by insurance, (4) ordered that a specified pin be sold and the proceeds divided equally between the parties, and (5) ordered that each party be responsible for his or her respective counsel fees.

Ordered that the order is modified by (1) deleting therefrom the provision requiring the husband to pay child support in the amount of $25 per month as of September 1995, based on an income of approximately $11,000 per year, and substituting therefor a provision requiring the husband to pay the sum of

$145 per week in child support as of that date based on an imputed income of $30,000 per year, (2) deleting therefrom the provision setting the marital debt at $81,000, and finding that the wife was liable for her share of the debt in the amount of $38,500, and (3) adding thereto a provision directing that the husband pay his pro rata share of the child care expenses and the children's health care expenses not covered by insurance in the same proportion as his imputed income of $30,000 is to the combined parental income; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a recalculation of the amount of arrears due to the wife.

In determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances but may impute income based upon the party's past income or demonstrated earning potential (*Kay v Kay,* 37 NY2d 632; *Brodsky v Brodsky,* 214 AD2d 599; *Liadis v Liadis,* 207 AD2d 331; *Hollis v Hollis,* 188 AD2d 960). Here, the husband has no impediment which prevents him from working, is admittedly in good health, has been in the taxi and limousine business for at least 18 years, and owns his own established business. As a result, the husband has the capability of earning at least $30,000 per year, which should have been imputed to him in determining the parties' respective child support obligations. Accordingly, based upon the wife's income of $64,000 and the husband's imputed income of $30,000, as well as all of the facts and circumstances of this case, the husband is directed to pay the sum of $145 per week in child support for both children as of the date of the subject application (*see,* Domestic Relations Law § 240). Furthermore, in light of the imputed income, the husband must be required to pay his pro rata share of the child care expenses and the children's health care expenses not covered by insurance (*see,* Domestic Relations Law § 240 [1-b] [c] [4], [5]; *Fanelli v Fanelli,* 215 AD2d 718, 721).

We also find that it was error to fix the marital debt at $81,000 and to direct that the wife was responsible for $38,500 of that debt, since the husband failed to offer any documentary evidence other than his own conclusory statements to substantiate his claim that his father loaned the parties approximately $45,000 to satisfy marital debts and to maintain the marital residence (*see, Reiner v Reiner,* 100 AD2d 872). With respect to the remaining $36,000, this debt was satisfied as a result of the foreclosure sale of the husband's taxi medallion, and thus, the debt no longer exists.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.