■ ANNE H. McGRATH, Respondent, v ARTHUR McGRATH, Appellant. [689 NYS2d 200] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Barone, J.), entered January 7, 1998, which after a nonjury trial, *inter alia,* (a) ordered him to pay the plaintiff wife maintenance of $250 per week for three years, (b) ordered him to pay the plaintiff $254.60 per week as support for the parties' two children, until the expiration of the plaintiff's maintenance award, at which time his support obligations would increase to $316 per week, (c) awarded the plaintiff one-third of the funds maintained in his pension and individual retirement account, and (d) equally divided between the parties certain marital property.

Ordered that the judgment is modified, on the law, by (1) deleting from the eleventh decretal paragraph thereof the word "one-third", and substituting therefor the word "one-sixth" and (2) deleting from the twelfth decretal paragraph thereof sum of $23,049.60 and the word "one-third" and substituting therefor the sum of $11,524.80 and the word "one-sixth", respectively; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see, Matter of Diamond v Diamond,* 254 AD2d 288; *Brown v Brown,* 239 AD2d 535). Here, the court properly imputed an annual income of $69,000 to the husband when it computed maintenance and child support (*see, Goddard v Goddard,* 256 AD2d 545; *Brown v Brown, supra; Phillips v Phillips,* 249 AD2d 527).

Under the circumstances, an award of 50% of the value of the marital property to each of the parties constitutes an equit-

able distribution of that property (*see,* Domestic Relations Law § 236 [B] [5] [c]; *Robertson v Robertson,* 186 AD2d 124; *Shahidi v Shahidi,* 129 AD2d 627).

It is well established that pension and retirement benefits belonging to either spouse attributable to employment during the marriage, constitute marital property subject to equitable distribution upon divorce (*see, Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132). Since the husband and wife were married for 8 of the husband's 24 years of service, one-third of the pension, including an early retirement incentive based upon past service, constitutes marital property (*see, Olivo v Olivo,* 82 NY2d 202; *Marcus v Marcus,* 135 AD2d 216, 222, *mod on other grounds* 137 AD2d 131; *Zacharek v Zacharek,* 116 AD2d 1004; *Damiano v Damiano, supra,* at 139). Under the circumstances, we conclude that one-third of the funds in the plaintiff's individual retirement account also constitute marital property. The wife's equitable share is one-half of those portions. The judgment has been modified accordingly.

The husband's remaining contentions are without merit. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.