■ DIANE M. BELL, Respondent, v DAVID F. BELL, Appellant. [716 NYS2d 717] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered September 27, 1999, as, after a nonjury trial, (1) imputed $65,000 in annual income to him and directed that he make payments to the plaintiff wife for child support based on that figure, (2) awarded the plaintiff maintenance in the amount of $100 per week until September 2000, and (3) awarded the plaintiff a counsel fee in the sum of $5,646.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The amount and duration of maintenance is "a matter committed to the sound discretion of the trial court" (*Brodsky v Brodsky,* 214 AD2d 599, 600). In fixing the amount of such an award, a court must take into account the financial circumstances of both parties, including their reasonable needs and means (*see, Liadis v Liadis,* 207 AD2d 331). The evidence established that the plaintiff had not worked outside the home during most of the marriage in order to be a homemaker and the primary caretaker of the two children (*see,* Domestic Relations Law § 236 [B] [6] [a]). She does, however, possess a beautician's license and has earning potential. The court did not credit the defendant's testimony and concluded that he has

the ability to pay for the reasonable needs of the plaintiff. Accordingly, the court properly awarded maintenance to the plaintiff for a period of one year.

In determining a child support obligation, a court need not rely on a party's own account of his or her finances, but may imput income based upon the party's past income or demonstrated earning potential (*see, Zabezhanskaya v Dinhofer,* 274 AD2d 476; *Mellen v Mellen,* 260 AD2d 609; *Brodsky v Brodsky, supra*; *Liadis v Liadis, supra*). Thus, the award for child support was reasonable.

The defendant's remaining contention is without merit. Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.