■ DENISE SODARO, Respondent, v EDWARD SODARO, Appellant. [729 NYS2d 731] —In an action for a divorce and ancillary relief, the defendant appeals (1) from an amended order of the Supreme Court, Nassau County (Friedenberg, J.), dated November 1, 1999, which, after a nonjury trial, *inter alia,* awarded the plaintiff maintenance, child support, and an attorney's fee, and (2), as limited by his brief, from stated portions of a judgment of the same court, dated November 9, 1999, which, *inter alia,* directed the defendant to pay the plaintiff maintenance in the sum of $30,000 at a rate of $2,500 per month and equitable distribution in the sum of $55,325.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the fifth, sixth, and fifteenth decretal paragraphs thereof directing, *inter alia,* the defendant to pay the plaintiff maintenance in the sum of $30,000 at a rate of $2,500 per month and equitable distribution in the sum of $55,325; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the

Supreme Court, Nassau County, for further proceedings in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant's contention that the Supreme Court improperly imputed income to him in determining his maintenance and child support obligations is without merit. "In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Brown v Brown,* 239 AD2d 535; *see, Kay v Kay,* 37 NY2d 632; *Brodsky v Brodsky,* 214 AD2d 599; *Liadis v Liadis,* 207 AD2d 331). Here, the Supreme Court properly imputed an annual income of $225,000 to the defendant, a psychiatrist with his own successful private practice (*see, Brown v Brown, supra*). The defendant's contention that the Supreme Court erred in determining the proper date for valuing the defendant's practice is without merit (*see, Grunfeld v Grunfeld,* 94 NY2d 696, 707-708; *McSparron v McSparron,* 87 NY2d 275, 287).

We agree with the defendant, however, that the Supreme Court impermissibly engaged in the "double counting" of income in valuing the defendant's psychiatry practice, which was equitably distributed as marital property, and in awarding maintenance to the plaintiff (*Grunfeld v Grunfeld, supra*; *see, McSparron v McSparron, supra*). Here, the court adopted the "excess earnings method" in valuing the defendant's practice. Part of the formula employed involved calculating a weighted average of the amount by which the defendant's adjusted income from the practice exceeded what would be reasonable compensation for the services he rendered to the practice over a two-year period. This amount represented the defendant's projected future excess earnings from the practice. Thus, in valuing and distributing the value of the defendant's practice, the court converted a certain amount of the defendant's projected future income stream into an asset. However, the court also calculated the amount of maintenance to which the plaintiff was entitled based on the defendant's total imputed income, which must have included the excess earnings produced by his practice. This was improper. "Once a court converts a specific stream of income into an asset, that income

may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld, supra,* at 705; *see, McSparron v McSparron, supra*). Because the Supreme Court has discretion in the manner in which it is to avoid such double counting of income (*see, Grunfeld v Grunfeld, supra,* at 705-706), we remit the matter to the Supreme Court, Nassau County, to recalculate the maintenance and equitable distribution awards.

We reject the defendant's contention that the determination with respect to the amount of child support which he must pay must be recalculated (*see, Douglas v Douglas,* 281 AD2d 709).

The defendant's remaining contentions are without merit. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.