■ FERN BITTNER, Appellant, v STEPHEN BITTNER, Respondent. [745 NYS2d 559] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated March 8, 2001, which, inter alia, (1) directed the defendant husband to pay child support in the sum of $88 per week as of April 7, 1999, based on income of $340 per week, (2) awarded each party one half of the net proceeds of the future sale of the marital residence, (3) denied her application for spousal maintenance, and (4) denied her application for an award of an attorney's fee.

Ordered that the order is modified by (1) deleting the third decretal paragraph thereof directing the defendant to pay child support in the sum of $88 per week as of April 7, 1999, based on income of $340 per week, and substituting therefor a provision requiring the defendant to pay child support in the sum of $203 per week as of April 7, 1999, based on imputed income of $700 per week, and (2) deleting the seventh decretal paragraph thereof awarding each party one half of the net proceeds of the future sale of the marital residence, and substituting therefor a provision directing the defendant to execute a deed conveying his share of the marital residence to the plaintiff upon the condition that the plaintiff deliver to the defendant a satisfaction of all judgments in her favor for support arrears entered against him prior to March 8, 2001; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff; and it is further,

Ordered that the defendant shall execute the deed within 45 days after service upon him of a copy of this decision and order.

The parties were married in 1983, and have three children.

The defendant has many years of experience working in the hotel industry. His employment history includes six years as the general manager of the St. Moritz Hotel, for which he received an annual salary starting at $60,000 and rising to approximately $80,000. In 1996, the year in which this action was commenced, the defendant was employed as general manager of the Dorset Hotel at an annual salary of $70,000. The defendant lost this position in August 1996 when the Dorset Hotel closed, and he subsequently took a temporary position at a cooperative apartment building at an annual salary of $60,000. Following this temporary employment, the defendant obtained a job at a resort hotel in 1998, which paid him a salary ranging from $700 to $950 per week. However, he was subsequently laid off from this position, and at the time the trial in this action concluded in 1999, the defendant was employed as a guard in a Pennsylvania jail at a weekly salary, including overtime, of approximately $340 per week.

The plaintiff contends that the Supreme Court erred in calculating child support based solely upon the weekly salary of $340 which the defendant was earning in 1999. We agree. "Child support is determined by the parents' ability to provide for their child rather than their current economic situation" (*Kalish v Kalish,* 289 AD2d 202 [internal quotation marks omitted]; *see Matter of Zwick v Kulhan,* 226 AD2d 734). Thus, in determining a party's child support obligation, a court may impute income based upon the party's past earnings and earning capacity (*see Zabezhanskaya v Dinhofer,* 274 AD2d 476, 477; *McGrath v McGrath,* 261 AD2d 369; *Phillips v Phillips,* 249 AD2d 527, 528; *Matter of Zwick v Kulhan, supra*). Moreover, the court is not required to find that a party has deliberately reduced his income to avoid his support obligations in order to impute income to that party (*see Goddard v Goddard,* 256 AD2d 545). Considering the defendant's past employment history and earning capacity, he has the capability of earning at least $700 per week, which should be imputed to him in determining his child support obligation (*see Morrissey v Morrissey,* 259 AD2d 472; *Phillips v Phillips, supra*). Based upon this figure, we modify the judgment appealed from to increase the defendant's weekly support obligation for the three children, pursuant to the Child Support Standards Act, from $88 per week to $203 per week.

Furthermore, we agree with the plaintiff's contention that she should have been awarded title to the marital residence. The parties have approximately $123,000 in equity in the residence. However, as of August 5, 1998, arrears had been

fixed against the defendant in the sum of $63,262.46 for his failure to comply with the pendente lite support order, and substantial arrears remained at the time of entry of the judgment. Under these circumstances, it is appropriate to offset the support arrears by directing the defendant to convey his interest in the marital residence to the plaintiff, upon the condition that she deliver to him a satisfaction of all money judgments in her favor for support arrears entered prior to the judgment of divorce (see *Maher v Maher*, 144 AD2d 343; *Erdheim v Erdheim*, 119 AD2d 623; *Maloney v Maloney*, 114 AD2d 440; *Sementilli v Sementilli*, 102 AD2d 78).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in refusing to award her spousal maintenance. The plaintiff was employed prior to the birth of the parties' oldest child, and after she and the defendant separated in August 1995, she was able to obtain a position as a medical assistant. At the time of trial, the plaintiff was employed as an assistant teacher for 30 hours per week. In view of the plaintiff's ability to be self-supporting, and the fact that she has been awarded child support and will receive full title to the marital residence, we decline to modify the judgment to award her spousal maintenance (see *Ferina v Ferina*, 286 AD2d 472; *Vainchenker v Vainchenker*, 242 AD2d 620).

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.