■ SUZANNE FITZPATRICK, Respondent-Appellant, v JOHN FITZPATRICK, Appellant-Respondent. [842 NYS2d 515]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated January 27, 2006, which, inter alia, upon a decision of the same court dated June 7, 2004,

made after a nonjury trial, awarded the plaintiff wife spousal maintenance in the sum of $3,000 per month until she reaches the age of 65, and awarded ownership of the marital residence solely to the plaintiff, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment which, inter alia, awarded her spousal maintenance in the sum of only $3,000 per month and child support in the sum of only $1,500 per month as of June 1, 2004, awarded the defendant certain stock options and shares of stock issued by his employer, and directed the defendant to pay her an attorney's fee in the sum of only $21,000.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The amount and duration of spousal maintenance is a matter committed to the sound discretion of the trial court and each case must be considered based on the unique circumstances it presents (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hathaway v Hathaway*, 16 AD3d 458, 460 [2005]; *Palumbo v Palumbo*, 10 AD3d 680, 681 [2004]). The trial court is required to take into account the parties' pre-separation standard of living (*see Hartog v Hartog*, 85 NY2d 36, 50-52 [1995]). The court must also consider the reasonable needs of the recipient spouse, and the pre-separation standard of living in the context of the other factors, and then, in its discretion, fashion a fair and equitable maintenance award (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; *Hartog v Hartog, supra*; *Palumbo v Palumbo, supra*). The Supreme Court providently exercised its discretion in making the award of maintenance at issue in this case.

The Supreme Court also properly awarded ownership of the marital residence, which had belonged to the plaintiff's parents who transferred it to the plaintiff, solely to the plaintiff. The transfer of title to the parties jointly, shortly before the commencement of this action, was effected to secure a marital loan and did not reflect any intent on the plaintiff's part to make the defendant a co-owner of the premises (*see Maher v Maher*, 144 AD2d 343, 344 [1988]).

The Supreme Court's award to the plaintiff of an attorney's fee in the sum of $21,000 was a proper exercise of the court's discretion, based in part on the disparity in the parties' incomes (*see Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007].

The parties' remaining contentions are without merit. Miller, J.P., Mastro, Lifson and Carni, JJ., concur.