Lashlee v Lashlee (2018 NY Slip Op 03347)





Lashlee v Lashlee


2018 NY Slip Op 03347


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09221
 (Index No. 7446/13)

[*1]Deborah M. Lashlee, respondent, 
v
Samuel M. Lashlee, appellant.


Joseph Petito, Poughkeepsie, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent,
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated July 21, 2016. The judgment, insofar as appealed from, awarded the plaintiff sole physical and legal custody of the parties' two children, awarded the plaintiff weekly basic child support in the sum of $219.56, and, in effect, upon an order of the same court dated June 7, 2016, directed that should it become necessary to sell the marital residence, the plaintiff would be credited for the principal reduction of the mortgage and the home equity line of credit, and for payment of taxes.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on April 7, 2001, and have two children together. The plaintiff filed for divorce on December 16, 2013. During the pendency of the divorce action, the plaintiff had physical custody of the parties' children while the parties shared joint legal custody, and a pendente lite child support order was issued in favor of the plaintiff. Following trial, a judgment of divorce was entered which, inter alia, awarded sole physical and legal custody of the parties' two children to the plaintiff and awarded her the marital residence. In addition, the Supreme Court, inter alia, imputed $50,000 of annual income to the defendant and determined his weekly child support obligation. The defendant appeals from stated portions of the judgment.
There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law §§ 70[a]; 240[1][a]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93; Matter of Riccio v Riccio, 21 AD3d 1107). The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d at 94; Matter of Cardozo v Defreitas, 87 AD3d 1138). Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Wallace v Roberts, 105 AD3d 1053, 1053). Here, the Supreme Court's determination to award the plaintiff sole physical and legal custody of the parties' children was supported by a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167).
"In determining a child support obligation, a court need not rely on a party's own account of his or her finances" (Bell v Bell, 277 AD2d 411, 412), but may, in the exercise of its considerable discretion (see Matter of Julianska v Majewski, 78 AD3d 1182), impute income to a party based upon his or her employment history, future earning capacity, and educational background (see Matter of Bouie v Joseph, 91 AD3d 641). The record supports the Supreme Court's determination to impute $50,000 of annual income to the defendant based upon his past earnings, education, and future earning capacity (see Matter of Strella v Ferro, 42 AD3d 544).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court