■ JEAN M. SCHEITHAUER, Respondent, v GARY L. SCHEITHAUER, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Harris, J.), entered February 14, 1990 in Albany County, which, *inter alia,* granted defendant's motion for temporary child support.

Defendant contends on this appeal that Supreme Court abused its discretion in granting him only $50 a week in temporary child support for his son. Plaintiff is employed by the State and earns $19,300 a year. Defendant is currently self-employed as a car mechanic and contends that he earns approximately $300 a week or $15,600 a year. In view of the fact that defendant has exclusive possession of the marital residence and plaintiff has been ordered to maintain health insurance for defendant and their son, as well as another child of the marriage, we cannot say that the court abused its discretion in the award of temporary support of $50 a week.

Supreme Court has discretion in an action for divorce pursuant to Domestic Relations Law § 240 to grant temporary orders affecting custody and support of children of the union and we are reluctant to interfere with its decision unless an

abuse of discretion is indicated. Based upon a review of the record we perceive no reason to substitute our judgment for that of Supreme Court, which appropriately considered the factors enumerated in Domestic Relations Law § 240 in determining this application for temporary relief. The proper remedy for any perceived inequities is to proceed without delay to trial (see, Schlosberg v Schlosberg, 130 AD2d 735, 736).

Further we find no abuse in Supreme Court's denial of counsel fees incurred in connection with defendant's motion brought pursuant to Domestic Relations Law § 237 (b). Defendant contends that plaintiff has improperly seized marital and business assets of his. Plaintiff contends that defendant has been selling marital assets in anticipation of moving out of the State. The countercharges reflect the wisdom of Supreme Court in delaying counsel fees to the trial where the respective financial circumstances of the parties and any fault in diminution of assets can be scrutinized.

Finally, defendant's request for sanctions pursuant to 22 NYCRR 130-1.1 was also properly denied. We cannot conclude on this record that plaintiff's cross motion for temporary child support, counsel fees and for an order preventing defendant from disposing of marital assets was frivolous. Although the parties' other child did not reside with plaintiff, plaintiff was allegedly contributing to her support. In addition, defendant by his own admission sold off some marital property. We deem the denial of sanctions appropriate.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.