■ GLORIA LOVECE, Respondent-Appellant, v JOSEPH LOVECE, JR., Appellant-Respondent. [665 NYS2d 436] —In a matrimonial action in which the parties were divorced by judgment dated

September 23, 1994, the defendant former husband appeals, as limited by his brief, from so much of a supplemental judgment of the Supreme Court, Westchester County (Nastasi, J.), entered September 5, 1996, as, after a nonjury trial, (1) awarded the plaintiff former wife permanent maintenance in the sum of $625 a week, (2) calculated the maintenance arrears owed by the defendant former husband to be $268,904 ($286,934 minus a credit of $18,030), (3) fixed counsel fees for the plaintiff former wife's outgoing attorney in the sum of $45,000 and directed the defendant former husband to pay the same, (4) directed the defendant former husband to maintain certain life and medical insurance policies for the benefit of the plaintiff former wife, and (5) failed to determine his application for a distribution of certain personal property. The plaintiff former wife cross-appeals from so much of the supplemental judgment as fixed the amount of maintenance at only $625 per week.

Ordered that the supplemental judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof the sum of $625 and substituting therefor the sum of $1,000, (2) deleting from the first decretal paragraph the provision requiring the defendant to maintain health, hospital, and major medical insurance for the plaintiff, and (3) (a) deleting from the second decretal paragraph the sum of $268,904 and substituting therefor the sum of $245,904, and (b) deleting from the second decretal paragraph the sum of $18,030 and substituting therefor the sum of $41,030; as so modified, the supplemental judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith and for entry of an appropriate amended supplemental judgment.

The defendant and the plaintiff were married on July 14, 1951, and had five children, all of whom are now emancipated. The plaintiff spent the entire 43 years of the marriage tending to the family and the maintenance of their home, and assisting the defendant's career and career potential. The defendant, on the other hand, started his own company, the North Star Contracting Corp., which today has grown into numerous businesses. As a result of both of their contributions, the parties enjoyed increasing and considerable income and accumulated wealth over the course of their marriage, which allowed them to maintain a lavish 26-acre estate as their home. Additionally, they took numerous vacations, and generally enjoyed an extremely comfortable lifestyle. At the time of the trial, the defendant earned in excess of $300,000 annually.

The trial court's award to the plaintiff of permanent maintenance in the amount of $625 per week was inadequate. In view of the fact that the plaintiff had never been employed outside of the home, the parties' lavish standard of living during their marriage, and the defendant's substantial income, it is more appropriate to grant the plaintiff an award of maintenance in the sum of $1,000 per week (*see, Costantino v Costantino,* 225 AD2d 651; *Merzon v Merzon,* 210 AD2d 462).

In computing the amount of maintenance arrears due to the plaintiff, the court failed to give the defendant credit for $23,000 in maintenance payments he had made pursuant to the parties' May 10, 1994, stipulation of partial settlement (*see, Petrie v Petrie,* 124 AD2d 449). The defendant's other claims regarding support arrears and credits, however, are without merit.

The court also erred in ordering the defendant to maintain medical insurance for the plaintiff, since this issue was resolved pursuant to the parties' judgment of divorce, dated September 23, 1994, by which the defendant was ordered to maintain health benefits for the plaintiff for a period of three years.

We agree with the defendant that the Supreme Court should have rendered a determination with regard to his application for the return of certain personal property, since both parties submitted affidavits on the issue pursuant to the court's direction. Thus, the matter is remitted to the Supreme Court, Westchester County, for a determination on this issue.

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.