■ Antonio C. Rossi, Respondent, v Johna K. Rossi, Appellant. [692 NYS2d 509] —Crew III, J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered November 11, 1998 in Saratoga County, which denied defendant's motion for certain pendente lite relief.

The parties were married in 1988 and have two children. Difficulties ensued and, following defendant's departure from the marital residence in June 1998, various proceedings were instituted in Family Court regarding custody of and visitation with the minor children. Family Court (Hall, J.) thereafter issued a temporary order awarding the parties joint legal custody, with primary physical custody to defendant. Additionally, and insofar as is relevant to this appeal, Family Court issued a temporary order dated October 7, 1998 directing, *inter alia*, that plaintiff pay defendant child support in the amount of $100 per week and, further, pay defendant's rent in an amount not to exceed $700 per month. In the interim, defendant moved by order to show cause in Supreme Court for certain pendente lite relief including, *inter alia*, child support ($650 per week), counsel fees ($15,000) and expert fees ($3,500). Supreme Court, *inter alia*, denied defendant's request for increased child support and continued the temporary order previously executed by Family Court. Supreme Court further denied defendant's request for counsel and expert fees, prompting this appeal.

We affirm. It is well settled that "modification of pendente lite awards rarely should be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations or justice otherwise requires" (*Colley v Colley*, 200 AD2d 839). Simply stated, "the most appropriate remedy for any claimed inequity in a temporary award is a speedy trial" (*id.*, at 840).

Based upon our review of the record as a whole, we see no reason to depart from the general rule here. Defendant's conclusory assertions regarding plaintiff's purported wealth are not borne out by the record before us and, with respect to the award of temporary child support, there is no indication that the amount awarded, coupled with the housing allowance that

plaintiff has been ordered to pay to defendant, is insufficient to meet the children's needs. Nor are we persuaded that Supreme Court erred in failing to award defendant counsel and expert fees at this point in time, particularly in view of the antenuptial agreement executed by the parties which, unless set aside, resolves a number of issues that otherwise would need to be addressed at trial.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.