■ DONALD S. PAPIER, Respondent, v MARGIE S. PAPIER, Appellant. [710 NYS2d 486] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Dawson, J.), entered February 8, 2000 in Essex County, which denied defendant's motion for temporary child support.

After 24 years of marriage, the parties separated in the spring of 1999 and this action for divorce was commenced the following September. In the interim, the parties' only daughter, now 19 years old, began her freshman year at a college in North Carolina. In 1999, the parties each earned a sizable salary. Plaintiff, a pharmacist, earned nearly $82,000 and defendant, a real estate agent, earned nearly $98,000. Defendant appeals from an order of Supreme Court denying her motion for temporary child support.

Supreme Court was presented with conflicting affidavits of the parties regarding their respective financial contributions to their daughter's college expenses and, more importantly, the amount of time each spent with her during the summer preceding her freshman year as well as the amount of time each expected to spend with her during any extended break from school. Accordingly, we are unable to conclude that Supreme Court abused its discretion in denying the motion for temporary child support (*see,* Domestic Relations Law § 240 [1] [a]; *see also, Scheithauer v Scheithauer*, 162 AD2d 867, 867-868). As a general rule, a custodial parent—including a "de facto" custodial parent (*see, e.g., De Arakie v De Arakie*, 169 AD2d 660; *A.E. v J.I.E.*, 179 Misc 2d 663)—is entitled to interim child support during the pendency of a divorce action (*see,* Domestic Relations Law § 236 [B] [7] [a]; § 240 [1-b]; *see also, Koczaja v Koczaja*, 195 AD2d 693, 693-694, *lv denied* 83 NY2d 756). Here, however, the record does not establish, under the peculiar circumstances of this case, including the timing of the filing of the action which was nearly simultaneous with the commencement of college, that, as between the parties, defen-

dant is the de facto custodial parent for the purposes of child support (*compare, Matter of Burke v Burke*, 245 AD2d 1007). As in other appeals from pendente lite applications, defendant's best and most appropriate remedy is a speedy trial on the matter (*see, e.g., Rossi v Rossi*, 262 AD2d 918).

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.