■ IBOYLYA VARGA, Appellant, v VILMOS VARGA, Respondent. [732 NYS2d 576] —In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), entered November 6, 2000, which, after a nonjury trial, *inter alia,* dismissed her cause of action for a divorce on the ground of

cruel and inhuman treatment and granted the defendant husband's counterclaim for a divorce on the ground of abandonment.

Ordered that the judgment is modified by deleting the provision thereof finding that the marital residence is separate property and substituting therefor a provision granting the plaintiff a one-half interest in the equity of the marital residence amounting to $2,900; as so modified, the judgment is affirmed, without costs or disbursements.

In rejecting the plaintiff's allegations of cruel and inhuman treatment, and consequently also dismissing that cause of action, the court noted that the allegations were vague and inconclusive. There were no other witnesses and no evidence presented other than the parties' testimony. Evaluating the credibility of the respective witnesses is primarily a matter committed to the sound discretion of the Supreme Court (*see, Diaco v Diaco,* 278 AD2d 358; *Ferraro v Ferraro,* 257 AD2d 596, 598), and we see no reason to disturb the Supreme Court's determination here.

However, it was error to fail to award the plaintiff a one-half interest in the equity which had accumulated in the marital residence (*see,* Domestic Relations Law § 236 [B] [1] [c]; *see generally, Price v Price,* 69 NY2d 8). Subtracting the outstanding mortgage balance of $69,000 from the appraised value of the home of $124,800 leaves $55,800 in total equity. The defendant's $50,000 separate contribution towards the purchase price of the marital residence is to be subtracted from this amount, resulting in the sum of $5,800. The plaintiff is then entitled to a one-half interest in this sum, amounting to an award of $2,900.

The plaintiff's remaining contentions are without merit. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.