■ BETH SCHENFELD, Respondent, v HOWARD SCHENFELD, Appellant. [734 NYS2d 465] —In an action for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Nassau County (Davis, J.), dated March 22, 2000, and (2), as limited by his brief, from stated portions of a judgment of the same court, entered September 19, 2000, which, after a nonjury trial, *inter alia,* directed the defendant to pay the plaintiff maintenance in the sum of $200 per week for the remainder of her life, her equitable share of the family business in the sum of $25,000, and an attorney's fee in the sum of $15,000.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see, Clarke v Clarke, 269 AD2d 485); and it is further,

Ordered that the judgment is modified by deleting so much of the second decretal paragraph thereof as directed that maintenance continue for the remainder of the plaintiff's life, and substituting therefor a provision directing that maintenance continue until the plaintiff attains the age of 65; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contentions, the Supreme Court properly awarded the plaintiff maintenance after considering all of the relevant factors (see, Raviv v Raviv, 153 AD2d 932). However, the court improvidently exercised its discretion in awarding maintenance for the remainder of the plaintiff's life (see, Domestic Relations Law § 236 [B] [6]; De La Torre v De La Torre, 183 AD2d 744). Maintenance is designed to give the spouse economic independence (see, O'Brien v O'Brien, 66 NY2d 576, 585), and should continue only as long as is required to render the recipient self-supporting (see, Granade-Bastuck v Bastuck, 249 AD2d 444). Here, given the wife's age, apparent good health, education, and employment status, she has the ability to become self-supporting within 12 years from the date of the judgment, when she attains the age of 65.

The Supreme Court providently exercised its discretion in awarding the plaintiff $25,000, representing her equitable share of the marital business. The plaintiff sustained her burden in establishing the value of the business (see, Davis v Davis, 175 AD2d 45). The business was ongoing and generated a substantial amount of unreported income. In addition, the Supreme Court properly awarded an attorney's fee to redress the economic disparity between the parties (see, O'Shea v O'Shea, 93 NY2d 187). McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.