■ DONALD FAELLO, Respondent, v ROSETTA FAELLO, Appellant. [845 NYS2d 345]—

In an action for a divorce and ancillary relief, the defendant wife appeals from a judgment of the Supreme Court, Nassau County (Stack, J.), entered February 6, 2006, which, after a nonjury trial, and upon a decision of the same court dated October 20, 2005, inter alia, directed that the plaintiff husband receive the sum of $200,000 from the net proceeds of the sale of the parties' residence in Florida, with 85% of the remaining balance distributed to the husband and 15% distributed to her, and awarded her maintenance in the sum of only $600 per month for a period of 54 months.

Ordered that the judgment is affirmed, with costs.

Contrary to the wife's contention, the court's distribution of the proceeds of the sale of the parties' Florida residence was proper. While the Florida residence, purchased in the parties' joint names, was marital property, the husband used proceeds from the sale of his separate property to purchase the residence as well as its furnishings and incidentals. Therefore, there is no basis upon which to disturb the court's finding that the husband was entitled to the sum of $200,000 for the purchase price of the house and its furnishings and incidentals, which were derived from his separate property (*see Herzog v Herzog*, 18 AD3d 707 [2005]; *Kozlowski v Kozlowski*, 221 AD2d 322 [1995]).

Equitable distribution does not necessarily mean equal distribution, and the record shows that the Supreme Court properly considered the relevant statutory factors in determining the distribution (*see Arrigo v Arrigo,* 38 AD3d 807 [2007]; *Falgoust v Falgoust,* 15 AD3d 612 [2005]; Domestic Relations Law § 236 [B] [5] [d]).

The wife's contention that the award of durational maintenance was insufficient is without merit. The amount and duration of maintenance is committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see Mora v Mora,* 39 AD3d 829 [2007]). Considering the factors relevant to an award of maintenance as set forth in Domestic Relations Law § 236 (B) (6) (a), the court providently exercised its discretion in awarding the wife durational maintenance in the sum of $600 per month for a period of 54 months.

The wife's remaining contentions are without merit. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.