■ DANA MASSIRMAN, Respondent, v SHARON MASSIRMAN, Appellant. [911 NYS2d 462]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Nelson, J.), dated July 25, 2008, as awarded her only five years of maintenance, awarded her a distributive share of only 25% of the plaintiff's interest in a business, and awarded her an attorney's fee in the sum of only $20,000.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The trial court, which had the opportunity to view the demeanor of the witnesses, [is] in the best position to gauge their credibility" (*Peritore v Peritore*, 66 AD3d 750, 753 [2009]; *see Varga v Varga*, 288 AD2d 210, 211 [2001]). Here, we perceive no

basis to disturb the Supreme Court's conclusion that the defendant's credibility was "diminished by her failure to produce business records, and her failure to list significant assets on her initial net worth statement," including any mention of her business, Alchemy Fashions. Moreover, "[t]he paucity of information provided . . . and the minimal efforts expended by the [defendant] in attempting to provide . . . documentation of [her] finances, clearly display[ed] a lack of good faith" on her part (*Richter v Richter*, 131 AD2d 453, 455 [1987]).

Moreover, the "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Grasso v Grasso*, 47 AD3d 762, 764 [2008]; *see Brooks v Brooks*, 55 AD3d 520 [2008]; *DeVries v DeVries*, 35 AD3d 794, 796 [2006]). "Maintenance is designed to give the spouse economic independence, and should continue only as long as is required to render the recipient self-supporting" (*Schenfeld v Schenfeld*, 289 AD2d 219, 220 [2001] [citations omitted]; *see DeVries v DeVries*, 35 AD3d at 796; *Palestra v Palestra*, 300 AD2d 288, 289 [2002]). Here, the defendant contends that the Supreme Court improvidently exercised its discretion in failing to either award her maintenance for life or for a duration longer than five years. However, the Supreme Court found that the defendant offered no evidence of ill health and that there was no evidence that she "reduce[d] or [lost] lifetime earning capacity as a result of having foregone or delayed education, training, employment, or career opportunities during the marriage" (*Palestra v Palestra*, 300 AD2d at 289). Indeed, except for several years before and after the parties' son was born, the defendant continuously worked in the field of high-end clothing retail, operating her own businesses for most of the marriage. Moreover, the Supreme Court credited the plaintiff's testimony regarding the declining state of his business, and rejected the defendant's testimony that her business did not yield any profits in light of her failure to provide the requisite documentation. Accordingly, under all of the circumstances, the maintenance award was proper (*cf. Lovece v Lovece*, 245 AD2d 345 [1997]).

In addition, contrary to the defendant's contention, she was not entitled to maintenance retroactive to the date of her pendente lite application. The purpose of a maintenance award is distinct from that of pendente lite relief (*see Jordan v Jordan*, 2 AD3d 687 [2003]). The record herein indicates that the defendant's applications for pendente lite relief were denied and that no appeals were taken therefrom. Although an award of maintenance can be made retroactive "as of the date of the ap-

plication therefor" (Domestic Relations Law § 236 [B] [6] [a]), since the defendant did not commence this divorce action, her only request for maintenance was made at the trial. Therefore, the Supreme Court properly directed that its maintenance award to the defendant would commence as of April 23, 2008, the date of the decision after trial (*see* Domestic Relations Law § 236 [B] [6] [a]).

The Supreme Court providently exercised its discretion in awarding the defendant a distributive award of only 25% of the plaintiff's interest in a business. The evidence adduced at trial demonstrated that the defendant's role in the plaintiff's career was minimal, that she continued her own career, and that she made only indirect contributions to the plaintiff's business (*see Wagner v Dunetz*, 299 AD2d 347, 349 [2002]; *Chalif v Chalif*, 298 AD2d 348, 349 [2002]; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 445 [1998]).

The defendant's remaining contention is without merit. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.