■ JENNY DIFIORE, Appellant-Respondent, v GANDOLFO DI-FIORE, Respondent-Appellant. [— NYS2d —]—

972

In this action for a divorce and ancillary relief, the wife contends that the Supreme Court erred in failing to rule upon and grant her application for prospective maintenance as of the date of the judgment. We agree. Although the Supreme Court failed to set forth any factors it considered with respect to maintenance, the record is sufficient for us to make the necessary findings pursuant to Domestic Relations Law § 236 (B) (6) (a) and render the appropriate determination (*see Ortiz v Ortiz*, 267 AD2d 991 [1999]). "In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties" (*DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008] [internal quotation marks omitted]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]). "Maintenance is designed to give the spouse economic independence, and should continue only as long as is required to render the recipient self-supporting" (*Palestra v Palestra*, 300 AD2d 288, 289 [2002] [internal quotation marks and citations omitted]; *see Schenfeld v Schenfeld*, 289 AD2d 219 [2001]; *Granade-Bastuck v Bastuck*, 249 AD2d 444 [1998]). In view of the income and property of the parties, the age and health of the parties, the present and future earning capabilities of the parties, the ability of the wife to become self supporting, the parties' preseparation standard of living, and the wife's expected distributive award (*see* Domestic Relations Law § 236 [B] [6] [a]), $3,000 per month for four years from the date of the judgment is an appropriate award of maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Weintraub v Weintraub*, 79 AD3d 856, 857 [2010]; *Bogannam v Bogannam*, 60 AD3d 985, 986 [2009]; *Fitzpatrick v Fitzpatrick*, 43 AD3d 991, 992 [2007]; *Milnarik v Milnarik*, 23 AD3d 960, 962 [2005]; *Dermigny v Dermigny*, 23 AD3d 429, 430 [2005]).

We agree with the wife's contention that the Supreme Court also erred in failing to rule on her application for an award of

child support for the parties' two children, and we remit the matter to the Supreme Court, Queens County, to calculate child support, as well as the parties' respective pro rata shares of the children's private school tuition and unreimbursed medical and dental expenses. In doing so, the Supreme Court must impute income to the wife in the sum of $25,000 per year, representing her past demonstrated earning capacity in the secretarial/administrative field, and must determine the amount of income which should be imputed to the husband, in addition to his stated gross salary of $35,580, representing his past demonstrated earning capacity in the real estate development industry (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *Wesche v Wesche*, 77 AD3d 921, 923 [2010]; *Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]; *Brown v Brown*, 239 AD2d 535 [1997]). The child support award must be made retroactive to the date of the filing of the summons with notice, taking into account credit due for amounts paid by the husband pursuant to a pendente lite order dated April 2, 2004, issued in this action (*see* Domestic Relations Law § 236 [B] [7] [a]; *Higgins v Higgins*, 50 AD3d 852, 854 [2008]). The Supreme Court also must reduce the husband's income by the amount of maintenance paid for the purpose of calculating his child support obligation for the period he is required to pay maintenance, and to provide a method to adjust child support payments when maintenance ends, as well as upon the older child attaining 21 years of age or emancipation, whichever is earlier (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; [c]; *Bogannam v Bogannam*, 60 AD3d at 987; *Bronstein v Bronstein*, 203 AD2d 703, 704 [1994]).

As of the date of commencement of this action, the wife had a tax-deferred retirement account valued at $42,961.21, of which $8,628.62, constitutes her separate property. The husband had a tax deferred retirement account valued at $10,426.65 as of the commencement of this action. The parties both contend that the Supreme Court erred in failing to equally distribute the parties' tax-deferred retirement accounts. Contrary to the wife's contention, however, she is not entitled to a reduction in the value of her retirement account in the amount of a loan taken by her against her account after this action was commenced, as she failed to demonstrate at trial that the loan funds were used to support the marital household rather than to pay for her personal expenses (*see Ferina v Ferina*, 286 AD2d 472, 474 [2001]). Accordingly, the husband is entitled to an equitable distribution credit of $11,953 from the parties' tax-deferred retirement accounts.

The Supreme Court has broad discretion in allocating marital

debt (*see Corless v Corless*, 18 AD3d 493, 494 [2005]; *McKeever v McKeever*, 8 AD3d 702, 702 [2004]; *see also Savage v Savage*, 155 AD2d 336, 336 [1989]). In addition, "liability for the payment of marital debt[ ] need not be equally apportioned but may be distributed in accordance with the [equitable distribution] factors set forth in Domestic Relations Law § 236 (B) (5) (d)" (*Lewis v Lewis*, 6 AD3d 837, 839-840 [2004]). We agree with the husband's contention that the remaining balance of a loan from his father to the parties toward the purchase of an apartment building should be repaid out of the wife's share of the proceeds of the sale of the apartment building in the principal amount of $48,388.99, plus 5% monthly interest from April 1, 2008, to the date of payment. Pursuant to the pendente lite order dated April 2, 2004, the wife was to receive the rental income from the apartment building, and pay the loan from these proceeds. She failed to do so. In addition, the sums of $9,000 borrowed from the custodian account of the parties' daughter and $16,000 borrowed from the custodian account of the parties' son to fund the purchase of the marital residence, the remaining balance of a loan from DiFiore & Sons Custom Woodworking in the sum $20,552 for renovation work on the marital residence, and the remaining balance of a loan from the husband's father in the sum of $11,000 for additional sidewalk and stone work at the marital residence, were demonstrated at trial to constitute marital debt and, thus, should be repaid from the proceeds of the sale of the marital residence prior to the distribution of the proceeds to the parties, which the parties agreed to sell.

The Supreme Court providently exercised its discretion in denying the wife's request for an award of counsel fees (*see* Domestic Relations Law § 237 [a]; *Bernholc v Bornstein*, 72 AD3d 625, 629 [2010]).

The parties' remaining contentions are without merit. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.