■ KELLI J. NIDOSITKO, Respondent-Appellant, v NICHOLAS W. NIDOSITKO, Appellant-Respondent. [938 NYS2d 569]—

In January 1998, the plaintiff purchased a home in Maybrook for the sum of $83,000, executing a mortgage in the amount of $62,250, and paying the remainder with a gift from family members. The plaintiff and the defendant married on August 18, 2001. On December 20, 2002, the plaintiff conveyed the home to the defendant and herself. As part of the transaction, the home was refinanced, and the parties obtained a new mortgage loan in the principal amount of $110,000. Proceeds from the new loan paid the existing mortgage, plus $30,000 of the defendant's separate indebtedness and $20,000 of the plaintiff's separate indebtedness.

During the marriage, the plaintiff attended college from the fall of 2002 to the spring of 2004, when she received an associate degree in nursing. The plaintiff obtained her license as a registered nurse in August 2004. In July 2006, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court issued a decision determining the defendant's equitable share of, inter alia, the value of the marital residence and the value of the plaintiff's enhanced earnings due to her attainment of a college degree and professional license during the marriage. The court held that the defendant had already received the value of his equitable share of the marital residence in the sum of $15,000 when his separate bills were paid during the refinancing. A judgment

was entered upon that decision, directing the defendant to transfer his interest in the marital residence to the plaintiff, and awarding the defendant the sum of $18,850 as his equitable share of the plaintiff's enhanced earnings. The court further awarded the plaintiff a credit for any judgments against the defendant in his name alone, which are presently or may become liens against the marital residence.

The defendant appeals from the judgment, and contends that the Supreme Court erred in its method of valuing the marital residence, its award of only $15,000 as his equitable share of that value, and its determination that the $15,000 had already, in effect, been paid to him when his separate debts were paid from proceeds of the new mortgage loan. He further contends that the court erred in determining that his equitable share of the plaintiff's enhanced earnings was only 5%, or $18,850, and that the court erroneously allowed the plaintiff a credit against that sum for any judgments against the defendant, in his name alone, which are or may become liens against the marital residence. We modify.

"Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion" (*Loria v Loria*, 46 AD3d 768, 769-770 [2007]). "Equitable distribution does not necessarily mean equal distribution," and requires the court's consideration of all relevant statutory factors (*Faello v Faello*, 43 AD3d 1102, 1103 [2007]; *see* Domestic Relations Law § 236 [B] [5] [d]).

Here, on the record presented, the Supreme Court providently determined that the defendant's equitable share of the marital residence was $15,000, or approximately 31.6% of the portion of the property's value subject to equitable distribution. Further, contrary to the defendant's contention, the Supreme Court properly calculated the value of the marital property subject to equitable distribution. The plaintiff's conveyance of the home to the defendant and herself presumptively changed the character of the home from separate property to marital property (*see D'Elia v D'Elia*, 14 AD3d 477, 478 [2005]; *Diaco v Diaco*, 278 AD2d 358, 359 [2000]). In determining the value of the portion of this asset subject to equitable distribution, the Supreme Court correctly considered the appreciation in value of the home during the marriage after it was converted to marital property (*see Cleary v Cleary*, 171 AD2d 1076, 1077 [1991]; *Monks v Monks*, 134 AD2d 334, 336 [1987]; *Coffey v Coffey*, 119 AD2d 620, 622-623 [1986]; *see also Massimi v Massimi*, 35 AD3d 400, 402 [2006]).

While the Supreme Court properly awarded the defendant the sum of $15,000 as his equitable share of the marital residence, the court did not correctly compute the relative credits of the parties which affect that award. The new mortgage obtained from the refinancing was a marital debt (see Loria v Loria, 46 AD3d at 770), and thus, the parties used $50,000 in marital funds to pay their separate debts. Where marital funds are used to pay the separate liabilities of one of the parties, the other party may be entitled to a credit (see Bernholc v Bornstein, 72 AD3d 625, 628 [2010]; Lewis v Lewis, 6 AD3d 837, 839 [2004]). Here, the plaintiff's credit is the sum of $30,000 for payment of the defendant's separate debts, and the defendant's credit is the sum of $20,000 for the payment of the plaintiff's separate debts, resulting in a net credit to the plaintiff of $10,000. Applying the $10,000 credit against the defendant's $15,000 equitable share of the marital residence yields a net balance of $5,000 due to the defendant. Thus, we modify the judgment accordingly.

Further, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding him only $18,850, which was 5% of the value of the plaintiff's enhanced earnings resulting from her degree and professional license obtained during the marriage (see Schwartz v Schwartz, 67 AD3d 989, 991 [2009]; Farrell v Cleary-Farrell, 306 AD2d 597, 600 [2003]).

Finally, the Supreme Court properly awarded the plaintiff a credit for any judgments against the defendant in his name alone which were or may become liens against the home, since the evidence did not establish that these judgments, resulting from the defendant's credit card debt constituted marital debt that should be shared by the parties (cf. Bernholc v Bornstein, 72 AD3d at 628). Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.