■ JANET BOGENSCHULTZ, Respondent-Appellant, v DAVID GREEN, Appellant-Respondent. [43 NYS3d 59]—

Appeal by the defendant from an order of the Supreme Court, Putnam County (Francis A. Nicolai, J.), dated May 22, 2014, and appeal and cross appeal from stated portions of a judgment of divorce of that court (Victor G. Grossman, J.) dated July 22, 2014. The order, made after a nonjury trial, inter alia, decided certain motions. The judgment, upon the order, among other things, awarded the plaintiff maintenance in the sum of $2,000 per month until she reached the age of 59½.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff and the defendant were married in 1993 and have no children. During the marriage, the defendant obtained two advanced degrees in political science and the plaintiff, who has a master's degree, was employed as a librarian. The parties relocated twice so that the defendant could pursue his advanced degrees. In 2005, the defendant moved out of the marital home and in 2009, the plaintiff was laid off from her

employment. In 2010, the plaintiff commenced this action for a divorce. At the time of trial, the plaintiff was unemployed and the defendant worked as a college professor.

"The amount and duration of maintenance is a matter committed to the sound discretion of the Supreme Court, and every case must be determined on its own unique facts" (*Doscher v Doscher*, 137 AD3d 962, 963 [2016]). Here, upon considering the relevant factors (*see id.*), we find that the amount and duration of the maintenance award was a provident exercise of discretion (*see Tarantina v Gitelman*, 136 AD3d 663, 664 [2016]).

The defendant is not entitled to a separate credit for sums gifted by his parents to both parties (*see Zaretsky v Zaretsky*, 66 AD3d 885, 887 [2009]).

The parties' remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.