■ Daljit Kumar, Appellant, v Sunita Chander, Respondent. [51 NYS3d 177]—

Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Kings County (Delores J. Thomas, J.), dated March 26, 2014. The judgment, insofar as appealed from, upon a decision of that court dated September 17, 2013, made after a nonjury trial, (1) awarded the defendant maintenance in the sum of $450 per week for a period of five years, (2) directed the plaintiff to pay child support in the sum of $914 per month, (3) directed the plaintiff to pay the defendant 50% of the balance of his bank accounts as part of the equitable distribution of marital property, (4) awarded the defendant the sum of $500, representing the value of her jewelry retained by the plaintiff, (5) awarded the defendant the sum of $8,319.77, representing 50% of the sum the plaintiff transferred to third parties prior to the commencement of the divorce action, and (6) awarded the defendant attorneys' fees in the sum of $14,000.

Ordered that the appeal from so much of the judgment as awarded the defendant attorneys' fees in the sum of $14,000 is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the plaintiff to pay child support in the sum of $914 per month; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of child support in accordance herewith, and thereafter the entry of an appropriate amended judgment; and it is further,

Ordered that, in the interim, the plaintiff shall continue to pay child support in the sum of $914 per month.

The parties were married in India on March 12, 1999, and have one child. After approximately eight years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. On November 18, 2008, the parties entered into a so-ordered stipulation awarding the defendant custody of the parties' child with visitation for the plaintiff. All other issues were resolved after a 12-day nonjury trial conducted from September 2010 to January 2012. The Supreme Court issued a written decision dated September 17, 2013, and a judgment of divorce was issued on March 26, 2014.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income to him. "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than

that claimed" (*Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]; *see Filippazzo v Filippazzo*, 121 AD3d 835 [2014]). Courts are afforded considerable discretion in imputing income (*see Morille-Hinds v Hinds*, 87 AD3d 526, 528 [2011]). Here, the court's discretionary determination to impute income to the plaintiff in the sum of $70,566 for the purpose of calculating the maintenance award to the defendant, based upon his less than credible testimony, is supported by the record (*see Elsayed v Edrees*, 141 AD3d 503 [2016]; *Gleicher v Gleicher*, 303 AD2d 549 [2003]).

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Massirman v Massirman*, 78 AD3d 1021, 1022 [2010]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]; *see* Domestic Relations Law § 236 [B] [6] [a]). Here, contrary to the plaintiff's contention, the Supreme Court considered the relevant statutory factors, including the parties' predivorce standard of living, and providently exercised its discretion in awarding the defendant maintenance in the sum of $450 per week for a period of five years.

However, the Supreme Court erred in calculating the award of child support to the defendant. In making its calculation, the court, without explanation, imputed $10,000 more in income to the plaintiff than the figure it used to calculate the maintenance award. The court also failed to reduce the plaintiff's income by the amount of maintenance he was obligated to pay for the purpose of calculating his child support obligation, and provide a method to adjust child support payments when his obligation to pay maintenance ended (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv]; *DiFiore v DiFiore*, 87 AD3d 971 [2011]). Accordingly, we remit the matter to the Supreme Court, Kings County, to recalculate the plaintiff's child support obligation.

The Supreme Court providently exercised its discretion in awarding the defendant $500 based on its determination that the plaintiff possessed the defendant's jewelry, which was the

defendant's separate property, and the plaintiff's failure to dispute the defendant's claim that the jewelry was valued at $500.

The Supreme Court providently exercised its discretion in awarding the defendant 50% of the amount of money on deposit in the plaintiff's bank account as of May 24, 2010, as there was evidence in the record that those funds were marital property that had been present in that account at the commencement of the action (*see Pappas v Pappas*, 140 AD3d 838 [2016]; *Renck v Renck*, 131 AD3d 1146 [2015]).

Contrary to the plaintiff's contention, the Supreme Court did not err in directing the plaintiff to pay to the defendant the sum of $8,319.77, representing 50% of the sum he transferred to third parties prior to commencing this action, as the record shows that this transfer was performed in contemplation of divorce (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Abrams v Abrams*, 57 AD3d 809, 810 [2008]; *Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]).

Finally, the Supreme Court properly determined that, under the circumstances, the defendant was entitled to an award of attorneys' fees (*see* Domestic Relations Law § 237; *Hof v Hof*, 131 AD3d 579 [2015]). However, the appendix on appeal is insufficient to determine whether the amount of the award was excessive. " 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Daniels v Donohue*, 137 AD3d 1072, 1072 [2016], quoting *Matter of Passalacqua*, 31 AD3d 648, 648 [2006]; *see* CPLR 5528 [a] [5]). Where, as here, omissions from the appendix " 'inhibit the court's ability to render an informed decision on the merits of the appeal' " (*Beizer v Swedish*, 125 AD3d 703, 703 [2015], quoting *Matter of Embro v Smith*, 59 AD3d 542, 542 [2009]; *see Mure v Mure*, 92 AD3d 653 [2012]), dismissal of that portion of the appeal is the appropriate disposition (*see* e.g. *Town of Brookhaven v Mascia*, 38 AD3d 758, 760 [2007]). Thus, the plaintiff's appeal from so much of the judgment as relates to the amount of attorneys' fees awarded to the defendant must be dismissed. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.