■ WHITNEY ELIZABETH FAIRCHILD, Respondent, v JAMES BURR FAIRCHILD, Appellant. [51 NYS3d 613]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (David T. Reilly, J.), entered December 26, 2014. The judgment, upon a decision of that court dated September 30, 2014, made after a nonjury trial, inter alia, (1) directed that 100% of the land known as the "Highland Terrace Land," upon which the former marital residence known as 252 Highland Terrace in Bridgehampton, was built be distributed solely to the plaintiff, (2) directed that the defendant receive a distributive award of only $250,000 for his interest in the former marital residence, to be paid by the plaintiff, and that the plaintiff have sole title, ownership, and possession of the residence and the land upon which it is built, (3) directed that the plaintiff and the defendant each be credited with a 50% interest in any undistributed marital jewelry in their possession, and (4) directed that the plaintiff be credited with the sum of $87,500 representing her one-half interest in the 1955 Jaguar sold by the defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on August 27, 1994. There are two children of the marriage. On August 1, 2000, the plaintiff acquired unimproved real property (hereinafter the Highland Terrace land) from her father. At or around the time the plaintiff acquired the Highland Terrace land, the defendant entered into an agreement with the plaintiff's father whereby the defendant agreed, inter alia, that in the event a divorce proceeding was initiated by and between the plaintiff and the defendant, he would waive any right, title, and interest in the unimproved value of the Highland Terrace land. Thereafter, the plaintiff deeded the Highland Terrace land to herself and the defendant and the parties' marital residence was constructed thereon. The plaintiff commenced this action for a divorce and ancillary relief on March 28, 2011. The defendant appeals from stated portions of the parties' judgment of divorce relating to equitable distribution.

"Domestic Relations Law § 236 mandates that the equitable

distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors" (*Fields v Fields*, 15 NY3d 158, 170 [2010]; *see* Domestic Relations Law § 236 [B] [5] [c], [d]). "A trial court considering the factors set forth in the Domestic Relations Law has broad discretion in deciding what is equitable under all of the circumstances" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 420 [2009]). Moreover, the statutory factors include "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [14]). "Consequently, the trial court has substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances" (*Mahoney-Buntzman v Buntzman*, 12 NY3d at 420). Equitable distribution is not necessarily equal distribution (*see Nidositko v Nidositko*, 92 AD3d 653, 655 [2012]; *Faello v Faello*, 43 AD3d 1102, 1103 [2007]; *Ackley v Ackley*, 100 AD2d 153, 156 [1984]).

Here, the Supreme Court providently exercised its discretion in awarding the plaintiff 100% of the Highland Terrace land, where the court considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d), including that the defendant entered into an agreement with the plaintiff's father waving his interest in the land in the event of the parties' divorce (*see* Domestic Relations Law § 236 [B] [5] [d] [14]; *Ackley v Ackley*, 100 AD2d 153 [1984]).

Evaluating the credibility of the witnesses is a matter primarily committed to the sound discretion of the trial court (*see Massirman v Massirman*, 78 AD3d 1021, 1021 [2010]; *Peritore v Peritore*, 66 AD3d 750, 753 [2009]; *Varga v Varga*, 288 AD2d 210, 211 [2001]). Here, the Supreme Court was not required to credit the defendant's testimony that he sold the 1955 Jaguar for $105,000 (*see Peritore v Peritore*, 66 AD3d 750 [2009]). Rather, in the absence of any independent proof of the sales price and in light of the fact that the defendant valued the Jaguar at $175,000 on his original statement of net worth, the court providently awarded a credit of $87,500 to the plaintiff, representing her one-half interest in the Jaguar.

Moreover, since there was no evidence as to the value of the parties' marital jewelry, it cannot be said that the Supreme Court improvidently exercised its discretion in crediting each of the parties with a 50% interest in any undistributed marital jewelry in the parties' possession instead of a specific value (*see Sawin v Sawin*, 128 AD3d 663 [2015]; *see also Milnarik v Milnarik*, 23 AD3d 960 [2005]; *Nichols v Nichols*, 19 AD3d 775 [2005]).

The defendant's remaining contentions are without merit. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.