■ BARRIE L. MINERVINI, Respondent, v MICHAEL MINERVINI, JR., Appellant. [58 NYS3d 568]—

Appeal by the defendant from a judgment of divorce of the Supreme Court, Rockland County (Loehr, J.), dated July 28, 2015. The judgment, insofar as appealed from, upon a decision and order (one paper) of that court dated April 21, 2015, made upon the parties' stipulation of agreed-upon facts, (1) awarded the plaintiff maintenance in the sum of $1,740 per month for a period of 32 months from the date of the judgment, (2) directed the defendant to pay 72% of the marital credit card debt, (3) awarded the defendant exclusive title to the marital residence and directed that he be wholly responsible for the mortgage debt, (4) awarded the plaintiff visitation with the parties' dog, (5) awarded the plaintiff her proportionate share of the defend-

ant's pension and retirement accounts, but did not award the defendant his proportionate share of the plaintiff's pension and retirement accounts, and (6) awarded the plaintiff counsel fees in the sum of $5,000.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the plaintiff visitation with the parties' dog, and (2) by adding thereto a provision awarding the defendant his proportionate share of all pension and retirement accounts held by or for the plaintiff; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on October 1, 2005. The plaintiff commenced this action for divorce and ancillary relief on July 25, 2013. During the pendency of the action, the Supreme Court issued a pendente lite order, dated February 18, 2013, which awarded the plaintiff maintenance in the amount of $1,424 per month. After the parties submitted stipulations of agreed-upon facts and requests for relief in lieu of trial, the court issued a decision and order dated April 21, 2015, inter alia, resolving the issue of equitable distribution. Insofar as is relevant to this appeal, the court directed that, in accordance with the parties' agreement, all pensions and retirement accounts would be divided "in accordance with the *Majauskas* rule" (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). The court subsequently issued a judgment of divorce, dated July 28, 2015, which, inter alia, consistent with its decision and order, (1) awarded the plaintiff maintenance in the sum of $1,740 per month for a period of 32 months from the date of the judgment, (2) directed the defendant to pay 72% of the marital credit card debt, (3) awarded the defendant exclusive title to the marital residence and directed that he be wholly responsible for the mortgage debt, (4) awarded the plaintiff the sum of $5,000 in attorney's fees, and (5) awarded the plaintiff her proportionate share of the defendant's pension and retirement accounts. The judgment, however, did not include a provision awarding the defendant his proportionate share of the plaintiff's pension and retirement accounts pursuant to the formula established in *Majauskas v Majauskas* (61 NY2d 481 [1984]). In addition, the judgment awarded the plaintiff visitation with the parties' dog. The defendant appeals from the judgment.

"A judgment or order must conform strictly to the court's decision" (*McLoughlin v McLoughlin*, 63 AD3d 1017, 1019-1020 [2009]; *see Curry v Curry*, 14 AD3d 646, 647 [2005]; *Pauk v Pauk*, 232 AD2d 386, 390-391 [1996]). "Where there is an inconsistency between a judgment or order and the decision upon

which it is based, the decision controls" (*Curry v Curry*, 14 AD3d at 647; *see Shkreli v Shkreli*, 142 AD3d 546, 549 [2016]; *McLoughlin v McLoughlin*, 63 AD3d at 1020). The defendant correctly contends that the judgment of divorce should be modified to conform to the Supreme Court's decision and order in two respects. First, the decision and order did not contain a provision awarding the plaintiff visitation with the parties' dog, and therefore that provision of the judgment should be deleted. Second, the judgment failed to include a provision awarding the defendant his proportionate share of the plaintiff's pension and retirement accounts, and thus a provision doing so should be added.

The defendant contends that the Supreme Court incorrectly distributed the marital debt. In general, "expenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]; *see Sawin v Sawin*, 128 AD3d 663, 665 [2015]; *McCoy v McCoy*, 117 AD3d 806, 810 [2014]). However, the court has broad discretion in allocating the assets and debts of the parties to a matrimonial action (*see DiFiore v DiFiore*, 87 AD3d 971, 974-975 [2011]; *Corless v Corless*, 18 AD3d 493, 494 [2005]), and "liability for the payment of marital debts need not be equally apportioned but may be distributed in accordance with the [equitable distribution] factors set forth in Domestic Relations Law § 236 (B) (5) (d)" (*Lewis v Lewis*, 6 AD3d 837, 839-840 [2004]; *see DiFiore v DiFiore*, 87 AD3d at 974-975). Contrary to the defendant's contention, the court providently exercised its discretion in allocating the parties' credit card debt in proportion to their respective incomes. Furthermore, the court did not improvidently exercise its discretion by awarding the defendant exclusive title to the marital residence and directing that he was wholly responsible for the remaining mortgage debt. The defendant, whose income was nearly three times that of the plaintiff, had occupied the marital home exclusively since the parties separated in May 2013.

The defendant also contends that the award of maintenance was excessive. The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Grasso v Grasso*, 47 AD3d 762, 764 [2008]; *see Lubrano v Lubrano*, 122 AD3d 807, 808 [2014]; *Massirman v Massirman*, 78 AD3d 1021, 1022 [2010]). "Maintenance is designed to give the spouse economic independence, and should continue only as long as is required to render the recipient self-supporting" (*Schenfeld v*

*Schenfeld*, 289 AD2d 219, 220 [2001] [citations omitted]; *see Massirman v Massirman*, 78 AD3d at 1021-1023). "The court may order maintenance in such amount as justice requires, considering, *inter alia*, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Merrick v Merrick*, 132 AD3d 742 [2015]). In light of the disparity in the parties' income, and the fact that the defendant stipulated to the duration of the post judgment award of maintenance, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff maintenance in the amount of $1,740 per month for 32 months (*see Kumar v Chander*, 149 AD3d 709 [2017]; *Bogenschultz v Green*, 144 AD3d 958, 959 [2016]; *see also Swickle v Swickle*, 47 AD3d 704, 705 [2008]).

In light of factors such as the disparity of income between the parties and the fact that the defendant's legal fees were paid by his union, the Supreme Court properly awarded the plaintiff counsel fees in the sum of $5,000 (*see* Domestic Relations Law § 237 [a]; *Cohen v Cohen*, 73 AD3d 832, 834 [2010]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *see also O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]). Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.