Santamaria v Santamaria (2019 NY Slip Op 08239)





Santamaria v Santamaria


2019 NY Slip Op 08239


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-05426
 (Index No. 20633/13)

[*1]Joseph M. Santamaria, respondent-appellant,
v
Toni Santamaria, appellant-respondent.


Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri of counsel), for appellant-respondent.
Shlimbaum & Shlimbaum, Central Islip, NY (Joseph R. Mercurio of counsel), for respondent-appellant.
Mark Diamond, New York, NY, attorney for the child Toniann S.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (John J. Leo, J.), entered April 28, 2016. The judgment of divorce, insofar as appealed from, upon an amended decision of the same court dated December 15, 2015, made after a nonjury trial, (1) awarded the plaintiff a separate property credit in the sum of $332,000 related to the marital residence, (2) failed to award the defendant maintenance, (3) awarded the plaintiff child support retroactive to the date of the commencement of the action, and (4) directed the plaintiff to pay only $20,000 of the defendant's student loan debt. The judgment of divorce, insofar as cross-appealed from, inter alia, (1) failed to award the plaintiff sole title to the marital residence, (2) awarded the defendant 50% of any equity in the marital residence that accrued from 2002 until the date of sale, (3) directed the defendant to pay retroactive child support arrears at a rate of only $150 per month, (4) failed to award the plaintiff interest on the retroactive child support arrears, and (5) directed the plaintiff to pay $20,000 of the defendant's student loan debt.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding a provision thereto awarding the defendant maintenance in the sum of $750 per month, commencing December 15, 2015, for a period of four years or until the defendant remarries, and directing the plaintiff to pay any retroactive maintenance arrears to the defendant at a rate of $500 per month until satisfied, and (2) by deleting the provision thereof awarding the plaintiff child support retroactive to the date of the commencement of the action, and substituting therefor a provision awarding the plaintiff child support retroactive to November 18, 2015; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.
The parties were married on December 3, 2000, and have two children together. The plaintiff commenced this action for a divorce and ancillary relief on August 2, 2013. A nonjury trial was held on child custody and the ancillary economic issues attendant to the divorce. By judgment of divorce entered April 28, 2016, which incorporated by reference an amended decision after trial [*2]dated December 15, 2015, the Supreme Court, inter alia, determined issues of custody, child support, maintenance, equitable distribution, and marital debt. The defendant appeals, and the plaintiff cross-appeals, from stated portions of the judgment of divorce.
The defendant contends that the Supreme Court should not have awarded the plaintiff a separate property credit in the sum of $332,000 related to the marital residence. The plaintiff contends that the court should have awarded him sole title to the marital residence, and should not have awarded the defendant 50% of any equity in the marital residence that accrued from 2002 until the date of sale.
"Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an improvident exercise of discretion" (Loria v Loria, 46 AD3d 768, 769-770). "Equitable distribution does not necessarily mean equal distribution," and requires the court's consideration of all relevant statutory factors (Faello v Faello, 43 AD3d 1102, 1103; see Domestic Relations Law § 236[B][5][d]).
Here, on the record presented, the Supreme Court providently exercised its discretion in awarding the plaintiff a separate property credit of $332,000 related to the marital residence, and awarding the defendant a 50% share of any equity in the residence that accrued from 2002 until the date of its sale. The evidence at trial demonstrated that in 2002, the plaintiff's mother transferred ownership of the subject property, where she resided, to the plaintiff and retained a life estate in the property. In 2010, after the death of plaintiff's mother, the plaintiff transferred ownership of the property to himself and the defendant. At the time, the property was appraised at a value of $332,000. In 2011, after renovations were conducted, the parties and their children moved to the property, and it became the marital residence.
The plaintiff's conveyance of the home in 2010 to himself and the defendant presumptively changed the character of the home from separate property to marital property (see Nidositko v Nidositko, 92 AD3d 653; D'Elia v D'Elia, 14 AD3d 477, 478; Diaco v Diaco, 278 AD2d 358, 359). We agree with the court's determination to award the plaintiff a separate property credit in the amount at which the residence was valued at the time the property was transferred to both parties (see Nidositko v Nidositko, 92 AD3d at 654; Monks v Monks, 134 AD2d 334, 335; Coffey v Coffey, 119 AD2d 620, 622). Furthermore, in light of the evidence that significant marital funds were used over the years to help preserve the plaintiff's separate property asset, the court providently exercised its discretion in awarding the defendant 50% of any equity in the marital residence that accrued from 2002 until the date of its sale.
The defendant contends that the Supreme Court improvidently exercised its discretion in not awarding her maintenance. The plaintiff contends that the court's determination not to award the defendant maintenance was proper because the evidence demonstrated that she was self-supporting.
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Carroll v Carroll, 125 AD3d 710, 711). In cases, like this one, commenced prior to amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered include "the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Gordon v Gordon, 113 AD3d 654, 654-655; see Domestic Relations Law former § 236[B][6][a]). "Maintenance is designed to give the spouse economic independence and should continue only as long as is required to render the recipient self-supporting" (Carroll v Carroll, 125 AD3d at 711 [internal quotation marks omitted]).
Here, considering the relevant factors, including the income and property of the [*3]parties, the distribution of property, the duration of the marriage, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to be self-supporting, the Supreme Court should have awarded the defendant maintenance in the sum of $750 per month, commencing December 15, 2015, for a period of four years or until she remarries (see Jaramillo v Jaramillo, 108 AD3d 651, 653; Noto v Noto, 94 AD3d 1069, 1070). Thus, we modify the judgment of divorce accordingly, and further direct the plaintiff to pay any retroactive maintenance arrears to the defendant at a rate of $500 per month until satisfied.
The defendant contends that the Supreme Court improvidently exercised its discretion in awarding the plaintiff child support retroactive to the date of the commencement of the action, rather than the date of the judgment of divorce. She argues that during the litigation, the parties and their children resided together in the marital residence, and the children's needs were provided for by both parties. The plaintiff contends that the court properly directed the defendant's child support obligation to be retroactive to the date of the commencement of the action, because he first requested the relief at that time. Additionally, the plaintiff contends that the court improvidently exercised its discretion in directing the defendant to pay retroactive child support arrears at a rate of only $150 per month and failing to award him interest on the unpaid amount.
Under the particular facts and circumstances of this case, we disagree with the Supreme Court's determination to award the plaintiff child support retroactive to the date of the commencement of the action. While the action was commenced on August 2, 2013, the plaintiff was not awarded residential custody of the children until the court issued an order dated November 18, 2015. The plaintiff failed to establish that he had de facto residential custody of the children at any earlier point in time (see Papier v Papier, 274 AD2d 806; Nicholas v Cirelli, 209 AD2d 840; De Arakie v De Arakie, 169 AD2d 660; see also Matter of Christodolou v Christodoulo, 212 AD2d 607). Thus, under these particular facts and circumstances, we find that the court should have awarded child support retroactive to November 18, 2015, the date of the custody order (see Hendry v Pierik, 78 AD3d 784, 786; Grumet v Grumet, 37 AD3d 534, 536; Lobotsky v Lobotsky, 122 AD2d 253, 255). In light of the financial circumstances of the parties, we agree with the court's determination directing the defendant to pay retroactive child support arrears at a rate of $150 per month, and not awarding the plaintiff statutory interest on the unpaid balance.
The defendant contends that the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay only $20,000 of her student loan debt. The plaintiff contends that the court should not have directed him to pay any portion of the defendant's student loan debt, because he waived any interest in the defendant's Bachelor's degree, and the evidence failed to establish what portion of the loans was incurred during the marriage.
A spouse is generally required to bear the obligation of repayment of the balance of a student loan taken out by that spouse during the course of the marriage where "no benefit inured to the marriage" (Heydt-Benjamin v Heydt-Benjamin, 127 AD3d 814, 815; see Dashnaw v Dashnaw, 11 AD3d 732). Here, however, there was evidence that the defendant's attainment of her Bachelor's degree in business administration did benefit the marriage by enhancing her earning capacity and bringing more income into the marriage. The testimony established that prior to obtaining her Bachelor's degree, the defendant was only able to work in restaurants and a hotel as a waitress, earning a very limited salary. At the time of the trial, however, the defendant had been employed with Winston Staffing Services as a headhunter, earning a salary of $50,000 annually plus commissions.
Although the plaintiff waived any interest in the defendant's degree, the defendant's enhanced earning ability did benefit the marriage, and it was not unreasonable for the Supreme Court to direct the plaintiff to pay a portion of the defendant's student loans, which were incurred during the marriage and were owed since 2005. The evidence at trial demonstrated that the outstanding student loan balance was approximately $52,000, and that the majority of the student loans were incurred during the marriage. Thus, we agree with the court's determination to direct the plaintiff to pay $20,000 of the outstanding student loan debt.
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court