Edem v Wondemagegehu (2021 NY Slip Op 06149)





Edem v Wondemagegehu


2021 NY Slip Op 06149


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2019-11872
 (Index No. 100023/19)

[*1]Orok Edem, appellant, 
v
Kidist Wondemagegehu, respondent.


Orok Edem, Staten Island, NY, appellant pro se. 
Blank Rome LLP, New York, NY (Harris N. Cogan and Michael C. Lupton of counsel), for respondent.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 19, 2019. The order granted the defendant's motion to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel, and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the appeal is dismissed, with costs.
In March 2018, the plaintiff commenced an action to recover damages for intentional infliction of emotional distress in connection with an incident that allegedly occurred in February 2015 (hereinafter the prior action). In an order dated August 20, 2018, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint in the prior action as time-barred. That order was affirmed by this Court (see Edem v Wondemagegehu, 175 AD3d 466). In May 2019, the plaintiff commenced the instant action purportedly alleging the same facts involved in the prior action. In an order dated August 19, 2019, the court granted the defendant's motion to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel, and denied the plaintiff's cross motion for summary judgment on the complaint. The plaintiff appeals.
"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (Matter of Passalacqua, 31 AD3d 648, 648 [internal quotation marks omitted]; see Kumar v Chander, 149 AD3d 709, 712; Daniels v Donohue, 137 AD3d 1072). Here, the plaintiff failed to provide this Court with an appendix containing, inter alia, copies of the pleadings, the motion papers, and all of the affidavits and exhibits. Accordingly, the appeal must be dismissed.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court